PER CURIAM.
City commissioner James Barker appeals a final order and public report issued by the Florida Commission on Ethics, finding that Barker violated Section 112.313(4), Florida Statutes (1993) (Florida’s Code of Ethics for Public Officers and Employees), by accepting complimentary country club memberships. We reverse because Section 112.313(4) is facially unconstitutionally vague.
In October of 1991, the State filed a complaint with the Commission on Ethics against Barker, alleging that Barker, a Coral Gables City Commissioner since 1989, accepted unauthorized compensation in violation of Section 112.313(4). Section 112.313(4) provides:
No public officer or employee of an agency or his spouse or minor child shall, at any time, accept any compensation, payment, or thing of value when such public officer or employee knows, or, with the exercise of reasonable care, should know, that it was given to influence a vote or other action in which the officer or employee was expected to participate in his official capacity.
Barker accepted free memberships to the Coral Gables Country Club and the Executive Club. The complaint alleged that Barker should have declined the free club memberships because he “should have known with the exercise of reasonable care that the memberships were offered in order to influence some action which he was expected to take in his official capacity.”
At the hearing on the complaint, Barker asserted that he did not believe the memberships were given in order to influence his votes or other official action. Barker had asked the city attorney for advice regarding the memberships and was informed that there was no conflict of interest, and that the memberships were given out for honorary and public relations purposes.
Evidence showed that the purpose for giving out the complimentary memberships was to increase the prestige of the clubs, not to influence decision-makers. In fact, complimentary memberships were widely distributed to a vast number and variety of individuals. In addition to Barker, these memberships valued at approximately $700.00, were also given to all of the other Coral Gables city commissioners, as well as to the mayor, city manager, assistant city managers, city clerk, city attorney, director of public works, finance director, city architect, fire chief, police chief, and other leaders in the community-
Even though the evidence was undisputed that Barker never voted on any matter regarding either club, the hearing officer concluded that Barker should have known that the donors of the two memberships intended to influence his vote or official action. The ethics commission approved the administrative hearing officer’s recommended order, concluding that substantial competent evidence supported a finding of constructive knowledge. We agree with Barker that the *648 statutory terms imposing sanctions based upon the subjective intent of third persons, are unconstitutionally vague.
The test to determine whether a statute is unconstitutionally vague is whether a person of ordinary intelligence has fair notice of exactly what conduct is forbidden. See Cuda v. State, 639 So.2d 22 (Fla.1994); State v. Rodriguez, 365 So.2d 157 (Fla.1978); Zerweck v. State Comm’n on Ethics, 409 So.2d 57 (Fla. 4th DCA 1982). A statute will be found vague if it fails to give adequate notice or the requisite “definite warning” of what conduct is prohibited. Papachristou v. City of Jacksonville, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); State v. Bussey, 463 So.2d 1141 (Fla.1985); Southeastern Fisheries Ass’n, Inc. v. Department of Natural Resources, 453 So.2d 1351 (Fla.1984). Although legislative enactments are presumed constitutional, when there is a doubt about a statute in a vagueness challenge, such doubt is to be resolved in favor of the citizen and against the state. Brown v. State, 629 So.2d 841 (Fla.1994); State v. Wershow, 343 So.2d 605 (Fla.1977).
With regard to the ethical responsibilities of public officials, the Florida Supreme Court has specifically stated that “[t]he public official must be able to gauge his actions against a specific code of conduct, not a loosely worded statement of public policy, no matter how desirable the goal.” State v. Rou, 366 So.2d 385 (Fla.1978). Preciseness is particularly important in the context of ethical violations under Chapter 112, because the penalties at stake include loss of livelihood and professional reputation, which, “though non-criminal, are nonetheless significant and substantial.” D’Alemberte v. Anderson, 349 So.2d 164, 168 (Fla.1977). See Blackburn v. State Comm’n on Ethics, 589 So.2d 431 (Fla. 1st DCA 1991).
A review of the history of the public official ethics statute reveals that this is not the first time the statute has been attacked on vagueness grounds. In D’Alemberte v. Anderson, 349 So.2d at 166, the Florida Supreme Court considered the language of the former statute, Section 112.313(2)(a), Florida Statutes (1975), and held that the language imposing penalties for actions “that would cause a reasonably prudent person to be influenced in the discharge of his official duties,” failed to satisfy minimal constitutional standards for definiteness.
The Court noted that the “reasonably prudent person” standard had traditionally been applied to the measure of conduct — not to the measure of subjective mental processes. Thus the Court concluded that:
Conceptually, the reasonably prudent man test is an inapposite tool to determine whether a particular official would be influenced in the discharge of his duties by a gift. The statutory language denies appel-lee due process because the objective standard enunciated in the act is inapplicably related to the subjective mental process which the statute seeks to measure.
D’Alemberte v. Anderson, 349 So.2d at 168.
Acknowledging the need for ethical standards, the Court recommended to the Legislature that it consider more specific language, such as that contained in the code of ethics adopted by the Pennsylvania legislature in Title 46, § 143.5(b) (1969). D’Alemberte v. Anderson, 349 So.2d at 169 n. 5. The Pennsylvania statute prohibits receipt of gifts or compensation “which is intended to influence” or “would influence” the performance of an official’s duties. Pa. Const.Stat. § 143.5(b) (1969).
However, when the Florida Legislature enacted the current Section 112.313(4), it used language prohibiting receipt of gifts the official knows, or, “with the exercise of reasonable care, should know,” was given to influence. We find that this language in effect equates to the “reasonably prudent person” language of the prior statute, and is thus too imprecise to provide public officials with fair warning of what conduct is forbidden. See D’Alemberte v. Anderson, 349 So.2d at 166.
The phrase “should know” does not adequately define what is lawful or prohibited conduct because it requires the public official to determine the subjective intent of the donor. Whether an official would be influenced under certain circumstances requires a far different analyses than the inquiry as to what a hypothetical official “should know” *649 regarding a donor’s intent to influence. Requiring public officials to guess at whether or not the ethics code has been violated affords no criterion by which a public official may measure his specific conduct and violates due process. See Locklin v. Pridgeon, 158 Fla. 737, 30 So.2d 102, 103 (Fla.1947); Brock v. Hardie, 114 Fla. 670, 154 So. 690, 694 (Fla.1934); Blackburn v. State Comm’n on Ethics, 589 So.2d at 434.
Moreover, by imposing severe penalties based upon the measurement of subjective mental processes, this statutory language improperly delegates to the ethics commission the authority to decide what the law shall be. See Sarasota County v. Barg, 302 So.2d 737 (Fla.1974); State ex rel. Davis v. Fowler, 94 Fla. 752, 114 So. 435 (Fla.1927). In effect, this nebulous standard leaves the formulation of legislative policy to the unbridled discretion of the body responsible for applying and enforcing the staute, thus constituting an unlawful delegation of legislative authority. See Askew v. Cross Key Waterways, 372 So.2d 913 (Fla.1978); Department of Business Regulation v. National Manufactured Hous. Fed’n, Inc., 370 So.2d 1132 (Fla.1979).
The result is likely to be arbitrary and discriminatory enforcement, because the imposition of penalties is based on the subjective view of the hearing officer, as to the subjective view of the public official, as to the subjective view of the donor. Absent an admission by the donor that a gift was intended to influence official conduct, the public official can only guess as to what the donor intended.
Maintaining high ethical standards for public officials is essential to preserve the integrity of governmental processes. We commend the legislators in their efforts to ensure the proper conduct of those who are privileged to occupy public office. However, we cannot uphold a statute which fails to provide meaningful guidelines to place public officials on notice as to what conduct is prohibited.
By imposing a constructive knowledge requirement as to the intent of a third person on public officials, the statute is unconstitutionally vague and susceptible to the inherent dangers of arbitrary and discriminatory enforcement. See D’Alemberte v. Anderson, 349 So.2d at 169; Sarasota County v. Barg, 302 So.2d at 742; Conner v. Joe Hatton, Inc., 216 So.2d 209, 211 (Fla.1968); Accordingly, we reverse and remand to the Commission on Ethics with directions that a dismissal be entered, and that Barker be acquitted of all charges, based upon our conclusion that Section 112.313(4) is unconstitutional.
Reversed and remanded with directions.