677 So.2d 254 (1996)
COMMISSION ON ETHICS, Appellant,
v.
James BARKER, Appellee.
No. 85860.
Supreme Court of Florida.
May 2, 1996.
Rehearing Denied July 23, 1996.
C. Christopher Anderson III, Staff Attorney and Philip C. Claypool, General Counsel, Commission on Ethics, Tallahassee, for Appellant.
Stuart R. Michelson of the Law Office of Stuart R. Michelson, Bay Harbour Islands, for Appellee.
GRIMES, Chief Justice.
We review Barker v. Florida Commission on Ethics, 654 So.2d 646 (Fla. 3d DCA 1995), wherein the district court of appeal declared section 112.313(4), Florida Statutes (1993), facially unconstitutional. We have jurisdiction pursuant to article V, section 3(b)(1) of the Florida Constitution.
James Barker is a city commissioner for the City of Coral Gables. While serving as a city commissioner, Barker accepted complimentary memberships from the Coral Gables Country Club and the Coral Gables Executive Club. The State filed a complaint against Barker with the Florida Commission on Ethics (the "Commission"), alleging that Barker had accepted the complimentary *255 memberships in violation of section 112.313(4). Section 112.313(4) provides:
No public officer or employee of an agency or his spouse or minor child shall, at any time, accept any compensation, payment, or thing of value when such public officer or employee knows, or, with the exercise of reasonable care, should know, that it was given to influence a vote or other action in which the officer or employee was expected to participate in his official capacity.
The Commission found probable cause to believe that Barker had accepted the complimentary memberships in violation of section 112.313(4) and ordered a public hearing to ascertain whether Barker knew or should have known that the memberships were given to influence his vote or other official action.
The hearing officer concluded that no reasonable person could believe that the complimentary memberships were given to Barker for any reason except to influence him and recommended that the Commission find that Barker had violated section 112.313(4) by accepting the free memberships. Barker filed exceptions to the hearing officer's recommended order. The Commission rejected Barker's exceptions and approved the hearing officer's recommended order. However, relying upon this Court's decision in D'Alemberte v. Anderson, 349 So.2d 164 (Fla.1977), the district court of appeal held the statute to be unconstitutionally vague and reversed the Commission's order.
A statute is unconstitutionally vague if it fails to give a person of ordinary intelligence fair notice of exactly what conduct it proscribes. Brown v. State, 629 So.2d 841, 842 (Fla.1994); State v. Bussey, 463 So.2d 1141, 1144 (Fla.1985); Zachary v. State, 269 So.2d 669, 670 (Fla.1972); Brock v. Hardie, 114 Fla. 670, 678-79, 154 So. 690, 694 (1934). In D'Alemberte, we invalidated an earlier version of section 112.313(4) as unconstitutionally vague. That version of the statute provided that:
No officer or employee of a state agency or of a county, city, or other political subdivision of the state, legislator, or legislative employee shall accept any gift, favor, or service, of value to the recipient, that would cause a reasonably prudent person to be influenced in the discharge of official duties.
§ 112.313(1), Fla.Stat. (Supp.1974) (emphasis added). In striking down this statute, we reasoned that "the reasonably prudent man test is an inapposite tool to determine whether a particular official would be influenced in the discharge of his duties by a gift. The statutory language denies [public officials] due process because the objective standard enunciated in the act is inapplicably related to the subjective mental process which the statute seeks to measure." D'Alemberte, 349 So.2d at 168.
In holding the current statute unconstitutional, the court below concluded that the phrase "should know" requires a public official to divine the subjective intent of a donor and that "[b]y imposing a constructive knowledge requirement as to the intent of a third person on public officials, the statute is unconstitutionally vague and susceptible to the inherent dangers of arbitrary and discriminatory enforcement." Barker, 654 So.2d at 649. The court stated:
[W]hen the Florida Legislature enacted the current Section 112.313(4), it used language prohibiting receipt of gifts the official knows, or, "with the exercise of reasonable care, should know," was given to influence. We find that this language in effect equates to the "reasonably prudent person" language of the prior statute, and is thus too imprecise to provide public officials with fair warning of what conduct is forbidden. See D'Alemberte v. Anderson, 349 So.2d at 166.
Barker, 654 So.2d at 648.
Coincidentally, the First District Court of Appeal reached a contrary conclusion less than three months later. Goin v. Commission on Ethics, 658 So.2d 1131 (Fla. 1st DCA 1995). In upholding section 112.313(4) against an attack for vagueness, the court said:
The D'Alemberte court nullified a statute that tested the public official's behavior against the standards of a "reasonably prudent man." We find that the present statute, *256 including the language "with the exercise of reasonable care, should know," does not perpetrate the same evil. Instead, the present statute merely allows proof of an ethical violation by demonstrating the public employee's actual or constructive knowledge of the donor's illegal intent.
Goin, 658 So.2d at 1135.
We agree that the version of section 112.313(4) at issue focuses upon whether the actual public official against whom the complaint was filed knew or should have known that the gift was given to influence that public officialnot whether a hypothetical public official, "a reasonably prudent person," would be influenced by the gift. Stated otherwise, this statute asks whether a public official had actual or constructive knowledge of a donor's intent to influence that public official's vote or other official action.
Neither the court below nor any of the parties have suggested, nor do we find, that section 112.313(4) would be unconstitutionally vague if it simply prohibited a public official from accepting a gift if that public official knew that the donor had given the gift in order to influence that public official's vote or other official action. Consequently, we need only address the question of whether the constructive knowledge component of section 112.313(4) renders the section unconstitutionally vague.
This Court previously rejected a void for vagueness challenge to a criminal statute which included constructive knowledge as an element of the offense proscribed. In State v. Dickinson, 370 So.2d 762, 762-63 (Fla. 1979), we concluded that "Sections 812.012 to 812.028, Florida Statutes (1977), are constitutionally sound because reasonable persons have adequate notice of the types of conduct proscribed by these statutes." Dickinson was charged with dealing in stolen property in violation of section 812.019. Section 812.019 provided that "[a]ny person who traffics in, or endeavors to traffic in, property that he knows or should know was stolen shall be guilty of a felony of the second degree." § 812.019, Fla.Stat. (1977) (emphasis added).
We also know that criminal statutes are subject to a more stringent examination as to vagueness than are noncriminal statutes. D'Alemberte, 349 So.2d at 168. Therefore, if the constructive knowledge component of section 812.019a criminal statutegives adequate notice of the conduct proscribed, then the constructive knowledge component of section 112.313(4) must certainly pass constitutional muster. We conclude, therefore, that section 112.313(4) is facially constitutional.[1] At the same time, however, we note that proof that something of value was given to a public official who might be in a position to help the donor one day, without more, would not establish a violation of section 112.313(4).
Having determined that section 112.313(4) is facially constitutional, there remains the question of whether the hearing officer's findings are supported by competent, substantial evidence. The Commission contends that Barker failed to preserve this issue for appellate review. A party "cannot argue on appeal matters which were not properly excepted to or challenged before the Commission and thus were not preserved for appellate review." Couch v. Commission on Ethics, 617 So.2d 1119, 1124 (Fla. 5th DCA 1993). However, in this case, Barker filed exceptions to the hearing officer's recommended order. While he did not employ the words "competent, substantial evidence," Barker did argue that the hearing officer rejected certain proposed findings of fact even though they were based on undisputed evidence and that the hearing officer failed to include other proposed findings of fact even though they had been accepted as true. Barker further argued that the hearing officer's conclusion that Barker should have known that the memberships were given to influence his vote or other official action was not supported by the evidence. In adopting the hearing officer's findings of fact and conclusions of law, the Commission expressly rejected Barker's exceptions, concluding that the hearing officer's findings of fact and conclusions *257 of law were supported by competent, substantial evidence. Considering the exceptions as a whole, we conclude that Barker sufficiently preserved the issue for appellate review.
In holding the statute unconstitutional, the district court of appeal did not address the issue of whether the hearing officer's findings are supported by competent, substantial evidence. Therefore, we remand the case for the determination of this question.
It is so ordered.
OVERTON, SHAW, HARDING and WELLS, JJ., concur.
KOGAN, J., dissents with an opinion.
ANSTEAD, J., dissents with an opinion, in which KOGAN, J., concurs.
KOGAN, Justice, dissenting.
I dissent. I agree with the well-reasoned opinion of the district court that this statute is unconstitutionally vague.
ANSTEAD, Justice, dissenting.
We are fortunate to have two thoughtful and thorough analyses of the issue from the district courts, even though the courts reach different conclusions. These opinions, however, demonstrate the difficulty of interpreting this broad statute.
In the Goin opinion, for example, the danger inherent in the statute is made clear by a portion of the analysis upholding the statute:
We find merit in the argument advanced by the Commission on this point:
The statute here simply requires a responsible public servant to ask one question when offered anything of value: "Why is this person offering this to me?" If the answer is that it is being given because the donor has an interest in matters expected to come before the public servant and the donor would like to affect the public servant's judgment in those matters, then the statute prohibits its acceptance. There is nothing particularly difficult or obscure about determining the motivation of another, especially when, as here, one knows that the others are involved in building a multi-million dollar facility for which one has the authority to initiate change orders and arrange for funding.

Goin v. Commission on Ethics, 658 So.2d 1131, 1137 (Fla. 1st DCA 1995) (emphasis added). The district court opinion makes clear the danger in this vague statute by noting, in essence, that athletic director Goin obviously should have known that the good deal he received on his roof was given to influence him. In other words, the district court, while directing that the hearing officer's finding of innocence should be reinstated, suggests that Goin should have known that he was violating the statute when he accepted the roof deal.
This "obvious" conclusion about the roof deal in Goin is much like the hearing officer's conclusion in this case, as noted by the majority, that "no reasonable person could believe that the complimentary memberships were given to Barker for any reason except to influence him." Majority op. at 255. Indeed, it is not illogical to conclude under the "should know" standard of this statute that any gift made to a public official after the official assumes office could reasonably be assumed to have been given to influence the official. Such a sweeping inference is the precise danger that led to our ruling in D'Alemberte v. Anderson, 349 So.2d 164 (Fla. 1977).
In an attempt to curb this danger, the majority cautions: "[P]roof that something of value was given to a public official who might be in a position to help the donor one day, without more, would not establish a violation of section 112.313(4)." Majority op. at 256. In reality, this is simply a concession as to the broad and vague reach of the statute. Despite this conscientious effort to restrict an expansive reading of the statute, it is apparent that the "should know" portion of the statute is far too vague and cannot be saved. As the Third District opinion correctly concludes:
The result is likely to be arbitrary and discriminatory enforcement, because the imposition of penalties is based on the subjective view of the hearing officer, as to the subjective view of the public official, as *258 to the subjective view of the donor. Absent an admission by the donor that a gift was intended to influence official conduct, the public official can only guess as to what the donor intended.
Barker, 654 So.2d at 649.
The current statute, much like the earlier flawed version in D'Alemberte, still relies on "the reasonably prudent person" standard we found fatal there. The "should know" standard in the statute is simply a restatement of the negligence standard that is contemplated by the use of the words "or, with the exercise of reasonable care, should know." Under that standard, the question is whether a reasonable person in the same circumstances would have known that the gift was given to influence the official. No one disputes that is what a "should know" standard means, and considering the difficulties the parties and the courts at all levels have had with the facts in Goin and Barker, no one can dispute that we have been unable to give concrete meaning to the provisions of section 112.313(4). We should adhere to our prior ruling in D'Alemberte.
KOGAN, J., concurs.
NOTES
[1] We also reject Barker's alternative argument that the statute creates an unconstitutional delegation of legislative authority to the Commission.