CAMPBELL, Judge.
This appeal stems from a constitutional attack on a Lee County waste hauling ordinance. Appellant argued below that the ordinance was vague and violated the commerce clause. The trial court found no merit in Appellant’s challenge and entered summary judgment in favor of Lee County. We affirm.
The challenged ordinance was enacted by Lee County for the purpose of regulating waste removal and disposal. The instant dispute arose because the ordinance distinguished between two types of construction and demolition (C & D) debris: C & D debris that is removed from renovation or remodeling sites; and C & D debris that is removed from demolition or new construction sites. Specifically, the ordinance, LCO 95-19, as amended by LCO 97-21, allows only Lee County franchised haulers to remove C & D debris from renovation or remodeling sites, but allows any hauler to remove C & D debris from new construction or demolition sites. Any hauler may bid to become a Lee County franchised hauler.
Appellant corporation is a waste hauler whose business consists of the removal and disposal of C & D debris from construction, renovation, and demolition sites. Since Appellant is not a Lee County franchised hauler, it cannot remove C & D debris from renovation or remodeling sites, but is limited to removing and disposing of C & D debris from new construction or demolition sites.
Appellant challenges the ordinance, first, on vagueness grounds, and second, on commerce clause grounds. Appellant’s vagueness challenge is premised on the argument that a reasonable person might not know what conduct is prohibited by the *321 ordinance since any one construction site may actually be a combination of renovation or remodeling and new construction or demolition. We find no merit in this argument. The ordinance clearly provides that only franchised waste haulers are allowed to remove C & D debris from renovation and remodeling sites, while nonfranchised haulers may remove C & D debris from new construction and demolition sites. While we recognize that there may be some definitional crossover at these sites, that fact does not make the ordinance less clear. It merely makes its application more difficult in some cases. As observed by the trial court, any question as to the nature of the site, either renovation or new construction, may be resolved by reference to the permit pulled for the work. Because we conclude that the ordinance gives a person of ordinary intelligence fair notice of what conduct is proscribed, we can discern no vagueness problem with the ordinance. See Commission on Ethics v. Barker, 677 So.2d 254 (Fla.1996). Moreover, we have some doubts that Appellant has a constitutionally protected right that has been affected.
Next, Appellant argues that the ordinance violates the commerce clause because it promotes economic protectionism and is designed to benefit local economic interests by burdening outside economic interests. See C & A Carbone, Inc. v. Clarkstown, 511 U.S. 383, 114 S.Ct. 1677, 128 L.Ed.2d 399 (1994). In addressing this issue, the first question is whether the ordinance discriminates against or burdens interstate commerce in any way. See Car-bone. The second question is “whether the ordinance imposes a burden on interstate commerce that is ‘clearly excessive in relation to the local benefits.’ ” Bennett Electric Co. v. Village of Miami Shores, 11 F.Supp.2d 1348, 1349 (S.D.Fla.1998). See also Pike v. Bruce Church, Inc., 397 U.S. 137, 90 S.Ct. 844 (1970).
In answer to the first question, we observe that the ordinance does not burden or discriminate against interstate commerce in any way since all haulers, both in-state and out-of-state, are permitted to bid to become franchised haulers, and no hauler is denied access to a local market unless it has voluntarily opted not to participate in the bid process. Accordingly, we conclude that the ordinance does not burden interstate commerce.
Turning to the second question, whether the burden is excessive in relation to the local benefit, we look to the affidavit of Larry Johnson, the Director of the Lee County Division of Environmental Services. He explained that the reason for the distinction between C & D debris from renovation or remodeling sites, and C & D debris from new construction or demolition sites, stems from environmental and public health concerns. Florida law and applicable administrative rules require that C & D debris must be separated from municipal solid waste because there are public health and environmental risks if C & D debris and municipal solid waste are processed and disposed of together. According to Johnson, a team of trained environmental specialists determined that it was impractical to enforce the required separation of C & D debris from other solid waste at renovation sites where those sites are occupied during renovation. While the risk of mixed loads at renovation and remodeling sites is high, according to Johnson, the risk of mixed loads of C & D debris and municipal solid waste at new construction and demolition sites is “very minimal.” It can be seen then that Lee County enacted the ordinance to protect public health and the environment while, at the same time, meeting Lee County’s responsibilities for solid waste disposal as required by Florida law. Given the nonexistent or de minimis burden on interstate commerce, as contrasted with the much greater local benefit of safe and environmentally sound waste disposal, we conclude that the ordinance does not create an excessive burden on interstate commerce.
Appellant also maintains that genuine issues of material fact remain as to the *322 ordinance’s effect on interstate commerce. We cannot agree. Appellant’s allegations that the ordinance discriminates against interstate commerce, encourages economic protectionism and burdens interstate commerce are based on facts that were refuted by Larry Johnson’s affidavit, the only affidavit of record. It is clear from Johnson’s affidavit that Lee County did not prevent anyone from competing for the franchise. There was nothing uneven or unfair about the bid process. All haulers could bid to be franchised. Appellant submitted no affidavits in opposition. Accordingly, we conclude that the pleadings did not create genuine issues of material fact as to the ordinance’s effect on interstate commerce.
Finally, Appellant argues that the court entered summary judgment based on inaccurate factual conclusions. We find no merit in this argument. The factual conclusions of which Appellant complains are supported by Larry Johnson’s affidavit. While not specifically stated in the affidavit, they certainly may be logically inferred from it. We find no error in the court’s conclusions of law.
Affirmed.
PATTERSON, C.J. and SALCINES, J., Concur.