813 So.2d 117 (2002)
ACCELERATED BENEFITS CORPORATION, Appellant,
v.
DEPARTMENT OF INSURANCE, Appellee.
No. 1D01-853.
District Court of Appeal of Florida, First District.
February 26, 2002.
*118 Mark K. Logan of Smith, Ballard & Logan, P.A., Tallahassee, for Appellant.
Michael H. Davidson, Florida Department of Insurance, Tallahassee, for Appellee.
VAN NORTWICK, J.
Accelerated Benefits Corp. (ABC) challenges a final order of the Department of Insurance which revoked ABC's license to operate as a viatical settlement provider. ABC argues that the statute which it was charged with violating, section 626.989(6), Florida Statutes (2000), is unconstitutionally vague on its face and as applied. We do not agree and, therefore, affirm.
In the typical viatical settlement, a terminally-ill policyholder, known as a viator, sells the right to receive the proceeds of his or her life insurance policy to an investor usually through a viatical settlement provider. The viator is paid an amount equal to the discounted value of the death benefits under the insurance policy, which funds are usually required to provide for the viator's medical and living expenses. The investor is responsible for the payment of the premiums under the policy. The investor obtains a return based upon the difference between the death benefits ultimately paid under the policy and the discounted amount paid to the viator, less the costs of any premiums and administrative *119 fees paid by the investor. The viatical settlement company receives a fee or commission depending upon the structure of the transaction. See, generally, Michael Cavendish, Policing Terminal Illness Investing: How Florida Regulates Viatical Settlement Contracts, 74 Fla. B.J. 10 (Feb. 2000); Fiona M. Jones, The Viatical Settlement Industry: The Regulatory Scheme and its Implications for the Future of the Industry, 6 Conn. Ins. L.J. 477 (1999-2000). In Florida, viatical insurance providers are currently regulated pursuant to the Viatical Insurance Act, section 626.991 through 626.99295, Florida Statutes (2001).
As a viatical settlement provider, ABC purchased life insurance policies from viators at a discount of the policies' death benefits and sold the policies to investors at a price between the discounted price paid by ABC and the death benefits under the policy. The Department of Insurance filed an administrative complaint alleging that, with respect to each of the eleven viatical settlements at issue, ABC knew or should have known that the life insurance policies sold by the viators were obtained unethically as a result of a misrepresentation as to the state of health of the viator. The matter proceeded to an administrative proceeding at which the Department submitted evidence, including records maintained by ABC in its ordinary course of business, showing that, in order to obtain the life insurance, certain viators had denied having specific medical conditions, when in fact such medical conditions had been previously diagnosed and known. The Department also introduced evidence that these viators had acknowledged on the application for a viatical settlement that they did have certain medical condition directly contrary to each viator's representations on a life insurance application.
Given this knowledge on the part of ABC, the Department submitted that ABC was obliged to make a report pursuant to section 626.989(6). The Administrative Law Judge (ALJ) agreed, finding in pertinent part, as follows:
It is inconceivable the viators did not know what they were reporting [regarding their health], or that the professionals employed by the [appellant] and its agents should not have seen the inconsistency and recognized the need to report it. This is especially true when it is shown that the [appellant's] employees suggested in writing to the viators that they not contact their insurers or report the sale of their policies during the contestable period [of the policy], and also paid the viator's premiums in the interim.
The ALJ recommended that appellant's license be revoked. The Department agreed and issued a final order so providing. ABC now seeks reversal of the final order, arguing that section 626.989(6) is unconstitutionally vague because it requires a party to divine the intent of a third party.
Section 626.989(6) provides in pertinent part:
Any professional practitioner licensed or regulated by the Department of Business and Professional Regulation, except as otherwise provided by law, any medical review committee as defined in s. 766.101, any private medical review committee, and any insurer, agent, or other person licensed under the code, or any employee thereof, having knowledge or who believes that a fraudulent insurance act or any other act or practice which, upon conviction, constitutes a felony or a misdemeanor under the code, or under s. 817.234, is being or has been committed shall send to the Division of Insurance Fraud a report or information pertinent to such knowledge or belief and such additional information *120 relative thereto as the Department may require.
(Emphasis added).
The standard for determining whether a statute is unconstitutionally vague on its face is "whether the statute gives a person of ordinary intelligence fair notice of what constitutes forbidden conduct." Brown v. State, 629 So.2d 841, 842 (Fla.1994)(citing Papachristou v. City of Jacksonville, 405 U.S. 156, 162, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972)); see also Comm'n on Ethics v. Barker, 677 So.2d 254 (Fla.1996), and Goin v. Comm'n on Ethics, 658 So.2d 1131 (Fla. 1st DCA 1995). In considering an "as applied" challenge, the court is to consider the facts of the case at hand to determine "whether the statute can be fairly used to proscribe the defendant's [or respondent's] conduct, and the result is not binding on other parties." State v. Kirvin, 718 So.2d 893, 896 (Fla. 1st DCA 1998)(quoting Travis v. State, 700 So.2d 104, 106 (Fla. 1st DCA 1997)). Any doubts as to the constitutionality of the statute must be resolved in favor of its constitutionality. Dep't of Legal Affairs v. Rogers, 329 So.2d 257, 263 (Fla.1976).
In both Barker and Goin, it was argued that an ethics statute,[1] which prohibits a public official from accepting a gift which the public official knows, or should know with the exercise of reasonable care, was given to influence the official in the exercise of his public duties, was unconstitutionally vague because, among other things, a public official "must guess at and speculate about another person's intent." Goin, 658 So.2d at 1134. Both Barker and Goin rejected the vagueness argument. In Barker, the Supreme Court said that the statute "asks whether a public official had actual or constructive knowledge of a donor's intent to influence that public official's vote or other official action." Barker, 677 So.2d at 256. The court held that neither the actual nor constructive knowledge requirement rendered the statute unconstitutionally vague. Id.
In Goin, this court explained its reasoning, as follows:
The statute here under review allows the state to demonstrate circumstances tending to show that a public official knew why he or she had been singled out as the object of the gift donor's generosity. To the extent an inference of guilt arises by the proof of such circumstances, nothing in the statute prevents the public official from demonstrating that in fact he did not know, nor with the exercise of reasonable care could he have known, of the donor's intent. The ultimate sorting out of the facts must be left to the hearing officer, just as it is left to a jury in criminal cases. While we acknowledge that proof of similar facts might give rise to a finding of violation in one case but not in another, such exactly replicates the everyday experience of our criminal courts. We see no reason why a public employee should be entitled to a greater degree of protection than a criminal defendant.
Goin, 658 So.2d at 1136.
Here, the legislature has drawn section 626.989(6) more narrowly than the statute *121 considered in Barker and Goin. Section 626.989(6) did not require appellant to determine the intent of the viators to commit a crime. Section 626.989(6) requires only that the regulated party have knowledge of an act which would constitute a violation, if committed with the requisite intent. A party alleged to have violated section 626.989(6) can defend against such an allegation by offering evidence that it did not have knowledge of the commission of an offense under the code. Goin, 658 So.2d at 1136. It is for the finder of fact to weigh the evidence and determine whether a party did have the requisite knowledge as to a fraudulent insurance act or criminal insurance code violation. That the issue of knowledge may require an inference from circumstantial evidence is a matter affecting the weight of the evidence, not the constitutionality of a statute.
Because we have no difficulty in concluding that appellant's conduct falls within the ambit of section 626.989(6), we need not address the myriad of possible applications of this statute. See Sieniarecki v. State, 756 So.2d 68 (Fla.2000).
Accordingly, we AFFIRM the final order revoking appellant's license.
WOLF and BROWNING, JJ., Concur.
NOTES
[1] The statute addressed by both Barker and Goin was section 112.313(4), Florida Statutes (1993), which provides:

No public officer or employee of an agency or his spouse or minor child shall, at any time, accept any compensation, payment, or thing of value when such public officer or employee knows, or, with the exercise of reasonable care, should know, that it was given to influence a vote or other action in which the officer or employee was expected to participate in his official capacity.