PER CURIAM.
Gloria Pullen appeals an order authorizing her continued involuntary placement pursuant to section 394.467(7), Florida Statutes.[1] Although the evidence presented below concerning the nature of the harm Ms. Pullen might suffer as a consequence of self-neglect may arguably have been lacking the degree of specificity required by prior decisions of this court,[2] we conclude that this issue was not properly preserved for review and thus cannot be reached on appeal. Accordingly, we affirm.
Proceedings to continue the involuntary placement of an individual under the Baker Act are administrative in nature. See § 394.467(7)(a), Fla. Stat. Pursuant to section 394.467(7)(e), a person who is the subject of a petition for continued involuntary placement is generally entitled to the assistance of appointed counsel, and Ms. Pul-len was represented by an assistant public *602 defender in the proceedings before the administrative law judge (“ALJ”). Counsel for Ms. Pullen did not, however, raise any sort of objection concerning the specificity or lack thereof of the testimony offered to support the state’s contention that absent continued involuntary placement, Ms. Pullen faced a real and present threat of substantial harm as a consequence of self-neglect.
In administrative proceedings, the general rule is that a party cannot argue on appeal matters which were not properly excepted to or challenged in the administrative tribunal. See Couch v. Commission on Ethics, 617 So.2d 1119 (Fla. 5th DCA 1993). The existence of the preservation requirement has been acknowledged in the more narrow context of challenges to the sufficiency of the evidence in an administrative case. See Commission on Ethics v. Barker, 677 So.2d 254 (Fla.1996).
We recognize that because the ALJ has final order authority in proceedings under section 894.467(7), the preservation mechanism afforded by the process of filing exceptions to a recommended order is not available in this situation. However, we can discern no good reason why trial counsel should not be required to timely articulate any objection he or she might have concerning a perceived insufficiency or lack of specificity in the evidence in cases of this sort. Had trial counsel made such an objection before the close of the hearing in this case, the ALJ could in her discretion have permitted the state to reopen its case to more fully describe the nature of the harm Ms. Pullen might suffer if she were to be released from the commitment facility. Cf., Alvarez v. State, 792 So.2d 1255 (Fla. 3d DCA 2001)(in a criminal case, a trial court may in its discretion permit the state to reopen its case after it has rested and defense counsel has moved for judgment of acquittal). Counsel’s failure to object deprived the ALJ of the opportunity to take any corrective action that might have been warranted, and given the absence of any timely objection, we conclude that it would be inappropriate to consider this issue for the first time on appeal.
Accordingly, the ALJ’s order authorizing Ms. Pullen’s continued involuntary placement is AFFIRMED.
BOOTH, BARFIELD, and WOLF, JJ., concur.

. This case is before us on remand from the Florida Supreme Court following its decision in Pullen v. State, 802 So.2d 1113 (Fla.2001). Consistent with the supreme court’s mandate, we undertook a conscientious review of the record pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and thereafter directed the parties to file supplemental briefs addressing the sufficiency of the evidence and the question of whether a timely objection was required to preserve that issue for appeal.

. See, e.g., Lyon v. State, 724 So.2d 1241 (Fla. 1st DCA 1999).