STONE, J.
Colonnade Medical Center, Inc. (Colonnade) appeals a final order of the Agency for Health Care Administration (AHCA) ordering it to remit $49,965.30 in Medicaid overpayments. We affirm.
Colonnade operates a nursing home. Under chapter 7 of the institutional provider handbook, a nursing home may apply for supplemental payment for Medicaid recipients with AIDS, known as “H” supplemental payments, provided that certain prerequisites are met. The individual must be diagnosed as HIV positive, have laboratory confirmation of a reactive screening test for HIV antibodies, and must be receiving active treatment for a condition that meets the Center for Disease Control definition of AIDS. As a precondition to receiving “H” supplemental payment, a nursing home must request and receive prior authorization from Medicaid. A request for prior authorization must contain: (1) a letter from the facility requesting the “H” supplemental payment; (2) a copy of the admission cover sheet; (3) a confirming HIV test; and (4) a signed physician letter or statement documenting current treatment for an opportunistic AIDS-related disease.
During the audit period in question, Colonnade billed for and received from Medicaid $49,965.30 in “H” supplemental payments without first seeking prior authorization or having the AHCA perform a prior authorization review in violation of chapter 7. The AHCA sent Colonnade an audit report indicating it had determined that the amount constituted overpayment and ordered repayment of same.
After a formal administrative hearing, the administrative law judge (ALJ) held that the payments at issue constitute “overpayments” as defined by section 409.913(l)(d), Florida Statutes. The ALJ construed section 409.913(14) as conferring upon the AHCA the authority to demand a repayment of an overpayment. The ALJ ruled that Colonnade’s argument that the AHCA lacked the authority to demand repayment was based on an overly narrow construction of the statute and should be rejected. The AHCA issued a final order and adopted the findings of fact and conclusions of law set forth in the recommended order and ordered Colonnade to remit $49,965.30 in Medicaid overpayments to the AHCA.
Colonnade asserts that the AHCA’s interpretation of section 409.913 is erroneous. We conclude that the plain meaning of the statute dictates that it is within the AHCA’s power to demand repayment.
Section 409.913, Florida Statutes, charges the AHCA with oversight of the integrity of the Medicaid program. Further, section 409.913(14) prorides that:
[t]he agency may seek any remedy provided by law, including but not limited *542 to, the remedies provided in subsections (12) and (15) and s. 812.035, if:
* * *
(d) The provider has failed to maintain medical records made at the time of service, or prior to service if prior authorization is required, demonstrating the necessity and appropriateness of the goods or services rendered;
(e) The provider is not in compliance with provisions of Medicaid provider publications that have been adopted by reference as rules in the Florida Administrative Code, with provisions of state or federal laws, rules, or regulations; with provisions of the provider agreement between the agency and the provider; or with certifications found on claim forms or on transmittal forms for electronically submitted claims that are submitted by the provider or authorized representative, as such provisions apply to the Medicaid program.
Colonnade failed to maintain and provide the necessary medical records in order for AHCA to conduct a prior authorization. Furthermore, Colonnade failed to comply with Medicaid provider publications, i.e., chapter 7 of the institutional provider handbook, by not requesting and receiving prior authorization from Medicaid. Under the statute, the AHCA could seek “any remedy provided by law.” Recovery of the overpayment falls within the parameter of “any remedy provided by law.” Such a construction is consistent with the charge made in the opening paragraph of section 409.913 in which the AHCA is to “operate a program to oversee the activities of Florida Medicaid recipients, and providers and their representatives, to ensure that fraudulent and abusive behavior and neglect of recipients occur to the minimum extent possible, and to recover overpayments and impose sanctions as appropriate.” § 409.913, Fla. Stat. (2002).
Colonnade asserts that subsection (10) of the statute is the only subsection that allows repayment as a remedy. Subsection (10) provides the agency with the authority to require repayment “for inappropriate, medically unnecessary, or excessive goods or services.” Nothing in subsection (10), however, precludes the' agency’s seeking repayment in other circumstances. We note that subsection (14) and subsection (10) are not in conflict. Each statute governs different circumstances.
Furthermore, it is a well-established maxim that an agency’s interpretation of its own rules and regulations is entitled to considerable deference. See Golfcrest Nursing Home v. State, Agency for Health Care Admin., 662 So.2d 1330, 1333 (Fla. 1st DCA 1995). Here, additionally, the AHCA’s interpretation of the statute is consistent with its plain meaning.
Colonnade also contends that the final order is unsupported by competent, substantial evidence. This challenge, however, is not preserved for review. An appellant cannot raise issues on appeal that were not properly excepted to or challenged before an administrative body. See Comm’n on Ethics v. Barker, 677 So.2d 254, 256 (Fla.1996); Couch v. Comm’n on Ethics, 617 So.2d 1119, 1124 (Fla. 5th DCA 1993)(holding that appellant had waived his right to challenge the recommended order’s findings of fact because he did not file exceptions to the hearing officer’s findings of fact). Here, Colonnade failed to timely file exceptions to the recommended order and the exceptions were stricken. Because Colonnade failed to properly challenge the factual findings before the AHCA, Colonnade cannot do so for the first time on appeal. We note, in any event, that even were the issue preserved for review, Colonnade’s arguments lack merit. Colonnade argues that there is no *543 evidence that the services rendered were inappropriate, medically unnecessary, or excessive. This argument misconstrues the final judgment. The judgment was not based on any finding as to the quality of care received. Instead, the judgment was based on Colonnade’s failure to comply with the Medicaid billing requirement of prior authorization. Colonnade stipulated to not receiving prior authorization and, thus, competent, substantial evidence existed to support the judgment on this basis.
We have also considered and reject the argument that the agency is unjustly enriched by this recovery because it was benefitted by Colonnade’s rendering of services to Medicaid patients. Any benefit here, however, was received by the AIDS patients, not the AHCA. Furthermore, were Colonnade allowed to keep the funds, it would be receiving a benefit in violation of the rules and regulations imposed on Medicaid providers.
As to all other issues raised, we also find no reversible error and affirm.
WARNER and FARMER, JJ., concur.