IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DAVID RIVERA,

        Appellant,

v.

FLORIDA COMMISSION ON
ETHICS,

        Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-2428

Opinion filed July 6, 2016.

An appeal from Florida Commission on Ethics.

Leonard M. Collins of Broad and Cassel, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Teresa L. Mussetto, Elizabeth A. Miller, and Melody A. Hadley, Assistant Attorneys General, Tallahassee, for Appellee.

PER CURIAM.

      David Rivera appeals the Final Order and Public Report in which the Florida Commission on Ethics recommended a public censure, reprimand, civil penalties, and restitution for the ethical violations Rivera committed while he was serving as

a member of the Florida House of Representatives. On appeal, Rivera does not challenge the violations found by the Commission, but rather contends that his due process rights were violated when the Commission remanded this case to the administrative law judge (ALJ) to recommend a penalty. Additionally, Rivera challenges the constitutionality of section 112.324(8)(e), Florida Statutes, which designates the Speaker of the House as the official authorized to impose the penalties recommended by the Commission.[1] We summarily reject Rivera's due process claims, and we decline to address his constitutional challenge because it is not yet ripe. Accordingly, we affirm the Final Order and Public Report.

<u>Factual and Procedural Background</u>

Rivera was a member of the House from 2002 to November 2010. In that capacity, Rivera was subject to the ethical requirements in article II, section 8 of the Florida Constitution and the Code of Ethics for Public Officers and Employees codified in part III of chapter 112, Florida Statutes.

In late 2010, the Commission received two complaints alleging that Rivera committed various ethical violations while he was serving as a member of the House. The Commission investigated the complaints and found probable cause to

---

[1] Specifically, Rivera argues that the statute is unconstitutional because the Speaker and the House lack jurisdiction over former members and the Speaker's imposition of a penalty on a former member would amount to a bill of attainder to the extent the Speaker's action is legislative in nature and it would violate separation of powers to the extent that the action is judicial or quasi-judicial in nature.

believe that Rivera committed the alleged ethical violations, as well as several additional violations that came to light in a separate criminal investigation of Rivera by the Florida Department of Law Enforcement.[2] Thereafter, the Commission referred this matter to the Division of Administrative Hearings for an evidentiary hearing before an ALJ.

After the hearing, the ALJ issued a recommended order finding that Rivera committed multiple ethical violations. The recommended order did not contain a penalty recommendation, and based on that omission, the Commission remanded the case to the ALJ to recommend a penalty. The ALJ accepted the remand over Rivera's objection and thereafter entered an amended recommended order recommending a public censure, reprimand, civil penalties totaling $16,500, and restitution in excess of $41,000. The Commission adopted the amended recommended order in full in the Final Order and Public Report.

This timely appeal followed.

Analysis

The Commission is responsible for "conduct[ing] investigations and mak[ing] public reports on all complaints concerning breach of public trust by public officers or employees not within the jurisdiction of the judicial qualifications commission." Art. II, § 8(f), Fla. Const.; see also § 112.324(1), Fla.

---

[2] The criminal investigation was closed in April 2012 without the filing of any charges against Rivera.

3

Stat. ("The commission shall investigate an alleged violation of [the Code of Ethics] or other alleged breach of the public trust . . . ."); Fla. Comm'n on Ethics v. Plante, 369 So. 2d 332, 336-37 (Fla. 1979) (explaining that the Commission's authority to issue "public reports" requires that the Commission reach some conclusion at the end of an investigation and necessarily includes the authority to decide what is a breach of the public trust). However, the Commission does not have the power to impose penalties. See § 112.324(3), Fla. Stat. ("Penalties shall be imposed only by the appropriate disciplinary authority as designated in this section."); Comm'n on Ethics v. Sullivan, 489 So. 2d 10, 12-13 (Fla. 1986) (holding that the Commission is part of the legislative branch based, in part, on its "inability . . . to take any kind of enforcement action based on its investigations").

If the Commission finds based on its investigation that the public officer or employee has violated article II, section 8 or the Code of Ethics, "it is the duty of the commission to report its findings and recommend appropriate action to the proper disciplinary official or body . . . , and such official or body has the power to invoke the penalty provisions of this part . . . ." § 112.324(8), Fla. Stat. In the case of a former House member such as Rivera who is found to have committed an ethical violation while serving as a member of the House, the proper disciplinary official is the Speaker of the House. See § 112.324(8)(e), Fla. Stat.

4

Although the Commission's final report of its findings and recommendations is subject to judicial review, see § 112.3241, Fla. Stat., the disciplinary process in this case will not be complete until the Speaker acts on the Commission's recommendation. Section 112.324(8) gives the Speaker the power to impose penalties, but no statute requires the Speaker to accept or otherwise act on the Commission's recommendation. See Plante, 369 So. 2d at 338 (holding that "any conclusion reached by the Commission on Ethics is not binding upon any other official body or officer"). And, here, there is no indication in the record that the Speaker intends to take disciplinary action against Rivera since he is no longer a member of the House. As a result, any ruling that we might provide at this stage of the proceeding on the constitutional challenge raised by Rivera would amount to an improper advisory opinion. See Santa Rosa Cty. v. Admin. Comm'n, 661 So. 2d 1190, 1193 (Fla. 1995); Apthorp v. Detzner, 162 So. 3d 236 (Fla. 1st DCA 2015).

We recognize that if the Speaker adopts the Commission's recommended penalty, the Attorney General is required to bring a civil action to recover any civil penalty or restitution awarded, and in that proceeding, "[n]o defense may be raised . . . that could have been raised by judicial review of the administrative findings and recommendation by the commission . . . ." § 112.317(2), Fla. Stat.; see also DeBusk v. Smith, 390 So. 2d 327, 328 (Fla. 1980) (explaining that section

112.317(2) is "a codification of the estoppel rule"); Latham v. Fla. Comm'n on Ethics, 694 So. 2d 83, 87 (Fla. 1st DCA 1997) (noting that, under section 112.317(2), "all defenses to [the Commission's] orders must be raised before the Commission or the district court or they will be lost when the attorney general moves to enforce a penalty"). However, we do not interpret this statute to foreclose Rivera's constitutional challenge to section 112.324(8)(e) in a subsequent proceeding because that challenge is separate and distinct from the issues that are properly subject to judicial review in this appeal, i.e., the merits of the findings and recommendations of the Commission and alleged deficiencies in the process that resulted in those findings and recommendations. Cf. Albrecht v. State, 444 So. 2d 8, 11-12 (Fla. 1984) (explaining that the petitioner's ability to challenge the constitutionality of the agency's action on direct appeal did not preclude the petitioner from bringing the challenge in circuit court where the constitutional challenge is separate and distinct from the issue determined on appeal).

Indeed, under the plain language of section 112.317(2), a challenge to the disciplinary official's action (or the constitutionality of the statute authorizing that action) would not be foreclosed in a subsequent proceeding where, as here, the disciplinary action had not been taken before the appeal of the Commission's final report and recommendation was filed. This is because the statute only precludes the public official from raising defenses that "could have been raised" on appeal,

6

and if the disciplinary official has not yet taken action, there would be nothing for the public official to raise – or for the court to review – on appeal.[3] See J. Walters Constr., Inc. v. Gilman Paper Co., 620 So. 2d 219, 221-22 (Fla. 1st DCA 1993) (finding claim raised by appellant to be not yet ripe for appellate review where the record contained no final ruling on the issue); Philip J. Padovano, Fla. Appellate Practice § 8.7 (2011-12 ed.) ("The function of the appellate courts is to review the decisions of the lower tribunals, and not to make abstract determinations on matters that have not been presented to, or ruled upon, by the lower tribunals.").

In reaching this conclusion, we have not overlooked Key Haven Associated Enterprises, Inc., v. Board of Trustees of the Internal Improvement Trust Fund, 427 So. 2d 153 (Fla. 1982), relied on by Rivera for the proposition that he properly raised his constitutional challenge to section 112.324(8)(e) in this appeal. Key Haven held that an "aggrieved party could complete the administrative process and then challenge the statute's facial constitutionality in the district court on the direct

---

[3] We recognize in Latham that we suggested that the courts lack the authority to review the action taken by the disciplinary official and we stated that "[o]nly final action by the Commission is explicitly subjected to judicial review." See 694 So. 2d at 87. However, those statements were dicta because the issue in Latham was the proper standard of proof in the proceedings before the Commission, not the availability or scope of judicial review of the action taken by the disciplinary official. Moreover, even if the merits of the disciplinary action are not subject to judicial review, this would not foreclose a challenge to the constitutional authority of the official to take that action. Cf. State v. Cotton, 769 So. 2d 345 (Fla. 2000) (determining that while the exercise of prosecutorial discretion under the prison releasee reoffender act was not subject to judicial review, a defendant could raise a constitutional challenge concerning the prosecutor's action).

review to which the party is entitled under section 120.68." Id. at 157 (emphasis added). However, that principle is not applicable here because, although the Commission's final report and recommendation is subject to judicial review, the administrative process is technically not "complete" until the disciplinary official takes action on the recommendation. Additionally, Key Haven contemplated that the facial constitutional challenge that would be raised on direct appeal would be to the statute on which the agency's final action was based, and here, Rivera is not challenging the statutes on which the Commission's findings and recommendations were based. Cf. Goin v. Comm'n on Ethics, 658 So. 2d 1131 (Fla. 1st DCA 1995) (considering but rejecting public employee's challenge to the facial constitutionality of the ethics statute he was found to have violated in the final order and public report); Barker v. Comm'n on Ethics, 654 So. 2d 646 (Fla. 3d DCA 1995) (reversing Commission's final order and public report because the statute that the report found the public official to have violated was facially unconstitutional), remanded, 677 So. 2d 254 (Fla. 1996). Instead, Rivera is challenging the constitutionality of the statute pursuant to which the Speaker of the House may or may not take action on the Commission's recommendation at some point in the future, which as discussed above, is a separate and distinct issue.

<u>Conclusion</u>

In sum, we affirm the Final Order and Public Report because Rivera did not challenge the ethical violations found by the Commission and we find no merit in the due process claims he raised on appeal. However, for the reasons stated above, this disposition is without prejudice to Rivera raising his constitutional challenge to section 112.324(8)(e) in a declaratory action in the circuit court if the Speaker takes action on the Commission's recommendation or in defense of an enforcement action brought by the Attorney General under section 112.317(2).

AFFIRMED.

WOLF, WETHERELL, and JAY, JJ., CONCUR.