510 So.2d 1122 (1987)
FLORIDA DEPARTMENT OF CORRECTIONS, Appellant,
v.
John W. BRADLEY, Appellee.
No. BR-400.
District Court of Appeal of Florida, First District.
August 5, 1987.
Drucilla E. Bell, Asst. Gen. Counsel, Tallahassee, for appellant.
Robert A. Pell, Tallahassee, for appellee.

ON APPELLEE'S MOTION TO STRIKE APPELLANT'S BRIEF
PER CURIAM.
Appellee Bradley moved this court to strike the initial brief of appellant, contending that the brief contained references to matters not properly part of the record in this appeal. By a prior unpublished order we granted the motion to strike and, because of the importance of the question involved and its status as one of first impression, we now issue this opinion to explain our reasons for doing so.
Bradley was employed with the Department of Corrections (DOC) as a correctional officer and was suspended for 15 working days in February of 1985 for use of excessive force against an inmate. He appealed his suspension to the Career Service Commission (whose jurisdiction was assumed during the course of the proceedings by the Public Employees Relations Commission (PERC), see section 447.207(8), Florida Statutes (Supp. 1986)). A formal hearing was held before a commission hearing officer who submitted a recommended order to the agency that no cause be found to discipline Bradley. Despite the fact that DOC had two opportunities to *1123 introduce the transcript of the hearing before PERC's final order was issued, it failed to do so. The first of these opportunities came after the hearing but before submission of the recommended order, when FAC Rule 38D-14.003(4) permits parties to submit to the hearing officer proposed findings of fact which may be supported by references to the hearing transcript. The second came after the recommended order was submitted to the agency, when Rule 38D-15.002(1) permits a party to file written exceptions to the recommended order and requires, in cases such as this, that exceptions to the hearing officer's findings of fact be accompanied by a copy of the official transcript if it is not already on file with the agency. See also section 120.57(1)(b)8, Florida Statutes (1985), requiring agencies to allow each party at least 10 days in which to submit written exceptions to a recommended order. PERC adopted the recommended order as its final order and this appeal commenced in January, 1987.
In March, appellant moved this court to supplement the record with a copy of the transcript of the hearing and tendered the transcript with the motion. We transferred the transcript to the clerk of the agency with directions to include it in a supplemental record if the transcript was properly part of the record. The agency found that it was uncertain as to what action to take and determined that "[p]rudence dictates that we resolve the conflict ... in favor of the inclusion of the transcript at issue." Appellant's initial brief included references to the transcript in the argument section of the brief, presenting in a favorable light DOC officials' interpretations of the incident as testified to at the hearing. Appellee then filed the instant motion to strike.
As PERC recognized in its order on the transcript, there exists an apparent conflict between the Florida Administrative Procedure Act, chapter 120, Florida Statutes, and the Florida Rules of Appellate Procedure, in resolving this dispute.[1] Section 120.68(5)(a), Florida Statutes (1985), provides that "[t]he record for judicial review shall consist of ... the record under s. 120.57, if review of proceedings under that section is sought." In turn, section 120.57(1)(b)5.i. states that the record in cases involving formal proceedings shall consist of other materials not relevant to this dispute and "[t]he official transcript." Rule 9.200(a)(1), Florida Rules of Appellate Procedure, however, provides that "[t]he record shall consist of the original documents, exhibits, and transcript of proceedings, if any, filed in the lower tribunal... ."
Appellee contends, and we agree, that where an agency acts on a recommended order pursuant to subsections 120.57(1)(b)8. and 9., and the transcript is not filed nor the agency's attention otherwise drawn to the record made of the hearing prior to issuance of a final order, the party seeking appellate relief cannot rely on the transcript in arguing that the agency erred if it accepts the recommended order's findings of fact in its final order. We find that this holding is dictated by the basic natures of both the administrative process and of appellate review.
The fact findings of a hearing officer become binding upon an agency unless it finds they are not supported by competent substantial evidence or that the proceedings on which the findings were based did not comply with the essential requirements of law. Section 120.57(1)(b)9., Florida Statutes (1985); Tuveson v. Florida Governor's Council on Indian Affairs, Inc., 495 So.2d 790 (Fla. 1st DCA 1986); Gruman v. State, Department of Revenue, 379 So.2d 1313 (Fla. 2d DCA *1124 1980). There is no requirement, however, that the agency review the record and it may accept the findings of fact contained in the recommended order in its final order, Schomer v. Department of Professional Regulation, 417 So.2d 1089 (Fla. 3d DCA 1982); Pasco County School Board v. Florida Public Employees Relations Commission, 353 So.2d 108 (Fla. 1st DCA 1977).[2] Thus, where no party makes exceptions to a hearing officer's fact findings and the agency determines that they are acceptable, there is no need for the agency head to examine the record or, as in this case, to have a transcription of the hearing prepared.
Additionally, we are mindful that our role as an appellate court is not to relitigate issues of fact, but rather it is to "determine whether the [lower tribunal] made any ruling or conducted the proceedings in a manner contrary to established principles of law to the prejudice of the appellant", Carolina Lumber Co. v. Daniel, 97 So.2d 156, 158 (Fla. 1st DCA 1957); see also section 120.68(10), Florida Statutes (1985). Likewise, except for those few errors which are fundamental, errors must be preserved for appellate review, Yachting Arcade, Inc. v. Riverwalk Condominium Assoc., Inc., 500 So.2d 202 (Fla. 1st DCA 1986). If an agency is not made aware of a different interpretation of the evidence presented at hearing than that described in the recommended order, it cannot fairly be argued that the agency erred in accepting that description.
With these principles in mind, we find that in administrative proceedings where a hearing is held before a hearing officer and a recommended order is submitted to the agency for consideration and issuance of a final order, a party which is unwilling to accept the finding of facts made in the recommended order must ensure that the agency has before it a record of the hearing prior to the time the final order is issued and must alert the agency to any perceived defects in the hearing procedures or the hearing officer's fact findings. Failure to do so, in cases where the agency accepts the hearing officer's findings of fact, will result in exclusion of the transcript from the record, will bar an appellant from presenting a version of the facts different from that recited in the final order, and will preclude any argument on appeal that the agency erred in accepting the facts as set forth in the recommended order.[3]
Motion granted.
JOANOS and WIGGINTON, JJ., and WILLIS, Associate Judge, concur.
NOTES
[1] The hearing in this cause was not one conducted by a Division of Administrative Hearings (DOAH) hearing officer. Nevertheless, this case involves consideration of a recommended order submitted by a hearing officer after a hearing conducted in accordance with chapter 120, see sections 447.503(5)(b), Florida Statutes (1985); 447.207(8) and 447.208(1), Florida Statutes (Supp. 1986), and the rule we announce would apply to section 120.57(1) proceedings conducted by DOAH. It would not apply, however, where the agency head conducts the hearing, as the person or collegial body responsible for issuance of a final order would also be the trier of fact, Calfin v. State, Department of Business Regulation, 391 So.2d 739 (Fla. 4th DCA 1980).
[2] The agency is required, however, to "accurately and completely preserve all testimony in the proceedings, and, on the request of any party, it shall make a full or partial transcript available at no more than actual cost." Section 120.57(1)(b)6., Florida Statutes (1985).
[3] Our holding is limited to the facts before us and would not apply where an agency has reviewed the tape recorded or transcribed record of a hearing before issuance of a final order, whether that review was at the request of a party or on the agency's own volition.