**ADVANCED POWER SYSTEMS, INC.,**

v.

**HI–TECH SYSTEMS, INC., et al.**

Civ. No. 90–7952.

United States District Court,
E.D. Pennsylvania.

April 7, 1993.

Keith R. Dutill, Francis X. Manning, Stradley, Ronon, Stevens & Young, Philadelphia, PA, John B. Hammalian, Stephen R. Harris, Stradley, Ronon, Stevens & Young, Wayne, PA, for plaintiff.

Roy S. Cohen, Cohen & Green, P.C., Stephen N. Huntington, Franklin, Margulies & Huntington, Philadelphia, PA, James R. Freeman, Phoenixville, PA, for defendants.

Charles A. Fitzpatrick, III, Arthur B. Keppel, Mylotte, David & Fitzpatrick, Philadelphia, PA, for Pinkerton, Inc.

Brian E. Appel, Klovsky Kuby & Harris, Philadelphia, PA, for Warren Hensley, Lee Chidester.

Lee Chidester, pro se.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

Before me are (1) the motion of defendant Pinkerton, Inc. ("Pinkerton") to compel additional defendant Lee Chidester to answer deposition questions or, alternatively, to extend the discovery deadline until the completion of Chidester's accelerated rehabilitative disposition ("ARD") program (doc. # 92); (2) the response of plaintiff Advanced Power Systems, Inc. ("APS"); and (3) the response of defendant Hi–Tech Systems, Inc. ("Hi–Tech").[1] For the reasons that follow, Pinkerton's motion to compel answers will be denied, but its motion to extend discovery will be granted.

The factual background of this case has been outlined in previous memoranda, *see, e.g., Advanced Power Systems v. Hi–Tech Systems*, 801 F.Supp. 1450 (E.D.Pa.1992) and need not be rehearsed in any detail. Suffice it to say that Pinkerton was hired by Hi–Tech to investigate APS, and both APS and

---

1. Pinkerton previously moved to extend the discovery deadline pending Chidester's completion of ARD, a motion which, on November 2, 1992, I denied because it was not then clear whether Chidester would invoke the Fifth Amendment when deposed. However, I stressed that Pinkerton could (1) seek to compel Chidester's testimony if he asserted a Fifth Amendment privilege at his deposition, and (2) renew its motion to extend the discovery deadline if this court found that Chidester had such a privilege.

Hi–Tech have asserted claims against Pinkerton stemming from Pinkerton's alleged burglary of APS's offices on August 5, 1990. As a defense to these claims, Pinkerton contends that four former Pinkerton employees allegedly involved in the events of August 5, 1990—Lee Chidester, Warren Hensley, Clifford Moses, and John Daniels—acted without authority and beyond the scope of their employment in conducting the investigation of APS. Each of these former Pinkerton employees was arrested and charged in state court with offenses related to the alleged burglary and then—with the exception of Hensley (against whom charges were dropped)—admitted to a state ARD program. Hensley, Moses, and Daniels have testified at depositions without asserting a Fifth Amendment privilege; however, at a deposition on January 29, 1993, Chidester—whose two-year probationary period ends in August 1993, at which time all charges against him will be dismissed if he has not violated any ARD conditions—refused to answer a string of questions concerning the events leading up to August 5, 1990 for fear of self-incrimination. In a previous memorandum, I indicated that, should Chidester assert a Fifth Amendment privilege, Pinkerton could then move to compel answers or, in the event a privilege were granted, renew its motion to extend discovery. *See supra* note 1.

■ Pinkerton has filed a motion to compel Chidester to answer questions; however, Pinkerton clearly believes that Chidester "remains at risk of prosecution for the crimes with which he is charged,"[2]—a proposition with which APS and Hi–Tech apparently concur. *See, e.g.*, APS' Brief in Opp. at 2 (APS is "persuaded that Chidester cannot be compelled to testify for the reasons set forth in Pinkerton's Brief"). Therefore, Pinkerton's motion must be taken for what it actually is: a motion to extend the discovery deadline until Chidester—whom no party believes can be made to testify before his state

charges have been dropped—completes the probationary period of his ARD.

■ Faced with a decision whether to postpone a civil case pending disposition of related criminal proceedings, a court must balance, among other factors, the plaintiff's interest in expeditious resolution of its civil claims against the burden imposed on defendants from being forced to answer to those claims before the criminal proceedings are complete. *See Golden Quality Ice Cream Co. v. Deerfield Specialty*, 87 F.R.D. 53, 56–57 (E.D.Pa.1980). Chidester—the District Manager of the local Pinkerton office during the events in question—was, according to Pinkerton, "the Pinkerton employee directly responsible for the planning, authorization and execution of [Pinkerton's] investigation" of Hi–Tech. Pinkerton's Mot. in Sup. at 7. Pinkerton claims that it cannot properly prepare its "beyond the scope of employment" defense if it does not have the testimony of Chidester as to what he authorized and what his superiors authorized regarding the alleged burglary. APS and Hi–Tech do not so much deny that Chidester's testimony is relevant to Pinkerton's defense, as they argue that, given the testimony of the other three Pinkerton employees, it is not nearly so crucial as Pinkerton claims. *See, e.g.*, Hi–Tech's Brief in Opp. at 2 ("Pinkerton can reasonably claim that it's [sic] defense would be enhanced by testimony from Chidester."). However, Chidester is claimed to be both "the informational link" between his superiors and the investigators under his supervision and the "only regular contact" with the President of Hi–Tech. Plaintiff's Mem. in Sup. at 9, 10. APS and Hi–Tech nowhere explain how the testimony of the other three Pinkerton employees—who appear to have less knowledge of what was authorized during the events in question—substitutes for Chidester's testimony.[3] Moreover, APS and Hi–Tech have not described any harm likely to accompany the postponement of proceed-

---

2. Pinkerton's Mem. in Sup. at 8.

3. Additionally, Chidester's testimony appears important precisely *because of* some of the deposition testimony that has already been given. According to Pinkerton, there has been testimony that Chidester represented to the investigators

that their actions were authorized by "Sally Phillips of legal," Pinkerton's Mot. in Sup. at 10 n. 2, and Pinkerton certainly has a valid interest in inquiring of Chidester as to the meaning of his purported representation.

ings, other than the possible impairment of witnesses' memories that may accompany any delay. (Indeed, even this possible prejudice is attenuated by the fact that depositions have already been taken from those witnesses whose memories might fade if discovery is extended). Finally, neither APS nor Hi-Tech has identified any injury to the public interest if this private action does not go immediately to trial.

Accordingly, the balance strikes in favor of extending the discovery deadline until the completion of Chidester's ARD probation (in August 1993) so that Chidester may testify without fear of incriminating himself in a future state prosecution. In the event that Chidester chooses to invoke the Fifth Amendment even after the completion of ARD on the basis of a possible *federal* prosecution—a possibility raised by APS as a reason for not granting any discovery extension at all [4]—Pinkerton will, at that time, be able to file a motion to compel Chidester to answer questions. (Pinkerton's position, as expressed in previous submissions, is that there is no factual basis for federal charges against Chidester, and, therefore, Chidester cannot claim Fifth Amendment protection based on the risk of federal prosecution). However, should Chidester invoke the Fifth Amendment even after the state charges are dismissed, and should this court agree that the privilege is applicable, Pinkerton will, nonetheless, not be entitled to a further extension of the discovery deadline pending expiration of the federal statute of limitations (apparently, in August 1985) unless it can articulate much more compelling reasons for postponement than it has up to this point. While the balance of the equities suggests that the discovery deadline should be extended to August 1993, the equities do not now—and I would be extremely reluctant to conclude that they would ever—allow this case to be delayed until August 1995.

An appropriate order follows.

4. I do not share APS' belief that, given the possibility that Chidester will again invoke the Fifth Amendment once the state charges against him are dismissed, there is no reason to extend the discovery deadline until that time. Chidester may well choose to testify once the state charges

ORDER

For the reasons giving in the attached memorandum, it is hereby ORDERED and DIRECTED that:

1. Pinkerton's motion to compel Lee Chidester to answer questions at deposition is DENIED (doc. # 92, part 1);

2. Pinkerton's motion to extend the discovery deadline is GRANTED (doc. # 92, part 2);

3. Discovery in this matter shall close on August 31, 1993;

4. Dispositive motions, if any, shall be filed by September 7, 1993;

5. If no dispositive motions are filed, plaintiff's pretrial memorandum shall be filed by September 14, 1993; and

6. If no dispositive motions are filed, defendants' and all third-party defendants' pretrial memoranda shall be filed by September 21, 1993.

are dismissed—as, for example, Warren Hensley did—and, in any event, it may be that Chidester will not be entitled to invoke the Fifth Amendment once the state charges are dropped. Resolution of the latter question may call for additional briefing at the appropriate time.