648 So.2d 1266 (1995)
Stuart KANTOR, Appellant,
v.
The SCHOOL BOARD OF MONROE COUNTY, Appellee.
No. 94-1257.
District Court of Appeal of Florida, Third District.
February 1, 1995.
*1267 Bienstock & Clark and Philip J. Kantor and Hector R. Rivera, Miami, for appellant.
Muller, Mintz, Kornreich, Caldwell, Casey, Crosland & Bramnick and John D. Gronda and Donna M. DiChiara, Miami, for appellee.
Before JORGENSON, COPE and GODERICH, JJ.
PER CURIAM.
Stuart Kantor appeals an order of the Monroe County School Board terminating his employment. We affirm.
We conclude that no violation of the appellant's due process rights has been shown. To the extent that appellant contends there was a violation of a provision of the collective bargaining agreement, appellant was obliged to resort to the grievance procedures specified therein.
Appellant argues that certain of the factual findings are not supported by substantial competent evidence. In this case a hearing officer from the Division of Administrative Hearings prepared a recommended order. The parties were advised of their right to file exceptions to the recommended order and the deadline for doing so. Appellant did not file exceptions. At the hearing conducted by the School Board, the appellant advised the School Board that he did not seek a change in the factual findings, but only sought a change in the penalty recommended by the hearing officer.
We conclude that appellant "cannot argue on appeal matters which were not properly excepted to or challenged before the [agency] and thus were not preserved for appellate review." Couch v. Commission on Ethics, 617 So.2d 1119, 1124 (Fla. 5th DCA 1993); see also Environmental Coalition of Florida, Inc. v. Broward County, 586 So.2d 1212, 1213 n. 1 (Fla. 1st DCA 1991); Florida Dep't of Corrections v. Bradley, 510 So.2d 1122, 1123-24 (Fla. 1st DCA 1987). In any event, the testimony of the students constituted substantial competent evidence. See generally § 120.58(1)(a), Fla. Stat. (1993). The question of credibility was for the hearing officer to determine.
We are precluded from reviewing the penalty in this case under authority of Florida Real Estate Commission v. Webb, 367 So.2d 201, 203 (Fla. 1978).
Affirmed.