714 So.2d 1040 (1998)
SHAKER LAKES APARTMENTS COMPANY, d/b/a Seasons, Appellant,
v.
Jerry DOLINGER, Appellee.
No. 97-3547.
District Court of Appeal of Florida, First District.
June 3, 1998.
*1041 Richard E. Johnson, Tallahassee, for Appellant.
David E. Davis, Tampa, for Appellee.
ERVIN, Judge.
This is an appeal from a final order of the Florida Commission on Human Rights which, among other things, denied the motion of appellant, Shaker Lakes Apartments Company (Shaker), to remand the case for an evidentiary hearing on the ground that its agent had erroneously believed its insurance counsel would represent it at the hearing below on the marital discrimination complaint filed by appellee, Jerry Dolinger. Without addressing any of Shaker's issues on the merits, we agree that the Commission should have granted Shaker's motion to remand, which was akin to a motion to set aside a default judgment in the civil sector. Accordingly, we reverse the final order and remand the case with directions.
Following receipt of a copy of a recommended order finding Shaker guilty of discrimination on the basis of marital status, Shaker's agent, Jacqueline McCullough, forwarded a letter to the Commission advising it of Shaker's defenses and requesting 30 days in which to hire a local attorney to advise it of its legal remedies. Thereafter, and before the Commission entered its final order, counsel on behalf of Shaker filed a petition to remand, asking for a new evidentiary hearing, on the ground that Shaker had been erroneously advised by its insurance company that the latter would represent it at the hearing and only found out that it had not upon receipt of the recommended order. Thereafter McCullough submitted a supporting affidavit.
The Commission affirmed the recommended order, except for the calculation of interest. The Commission declined to consider McCullough's letter and Shaker's motion for remand, on the ground that Shaker did not attach a transcript of the proceeding "or follow proper administrative procedures" as required for filing written exceptions under the rules.
The Commission abused its discretion in refusing to consider Shaker's assertion of excusable neglect, simply because it was not submitted in the proper form for exceptions to the recommended order. If Shaker's allegations of excusable neglect are true, it obviously could not have raised them before the Commission by taking exception to anything in the hearing officer's findings, but could have advanced them only by motion.[1] Section 120.57(1)(b), Florida Statutes *1042 (Supp.1996), guarantees all parties the opportunity to present evidence and conduct cross-examination in a full evidentiary hearing. The Commission should not have addressed the merits of the recommended order without determining first whether Shaker Lakes' failure to appear at the hearing was justifiable and prejudicial. Cf. Krueger v. School Dist. of Hernando County, 544 So.2d 331 (Fla. 5th DCA 1989) (agency erred in refusing to remand to hearing officer for determination of attorney's fees when appellant had been provided no opportunity to offer evidence or present testimony in a full evidentiary hearing on the matter).[2]
In the civil sector, Florida Rule of Civil Procedure 1.540(b), authorizing relief from judgment, has been interpreted as allowing the setting aside of a default judgment upon evidence that the defaulting party mistakenly relied on its insurer to defend it. See Edwards v. City of Fort Walton Beach, 271 So.2d 136 (Fla.1972). Courts will excuse a failure to appear if the defaulting party shows a meritorious defense, excusable neglect, and due diligence from the time of learning of the default. See, e.g., Venero v. Balbuena, 652 So.2d 1271 (Fla. 3d DCA 1995) (appellant was entitled to have default set aside where insurer advised him that it would represent him in auto negligence case, but then misfiled or lost the file, appellant filed motion to set aside default judgment within reasonable time after learning of it, and appellee admitted appellant had meritorious defenses); Kapetanopoulos v. Herbert, 449 So.2d 947 (Fla. 2d DCA 1984) (trial court abused its discretion by denying motion to vacate default judgment where adjuster and appellants' attorney assured appellants that insurance company would represent them, appellants acted diligently when they learned of the default judgment against them, and appellants asserted meritorious defense).
Courts have applied the concept of excusable neglect to administrative cases, although they have not specifically applied the three-part test used in Venero and Kapetanopoulos. See Rothblatt v. Department of Health & Rehab. Servs., 520 So.2d 644 (Fla. 4th DCA 1988) (inept receptionist mailed appellant's request for administrative hearing after the deadline, constituting excusable neglect sufficient to vacate final order that was issued in a manner comparable to default judgment). See also Hamilton County Bd. of County Comm'rs v. Department of Envt'l Reg., 587 So.2d 1378 (Fla. 1st DCA 1991) (agency erred in striking county's exceptions filed a day late, without determining whether there was excusable neglect, but error was harmless). We find this to be a useful test for determining whether Shaker is entitled to a hearing de novo.
Because the Commission erred in refusing to consider whether to set aside the recommended order on the ground of excusable neglect, we reverse the final order and remand the case. We direct the Commission to determine on remand whether Shaker can establish all of the elements necessary to obtain relief from the order entered, i.e., excusable neglect, a meritorious defense, and due diligence, or to remand the matter to the administrative law judge for such determination. If the Commission decides after such hearing that Shaker should be excused from the effect of the order entered, it shall remand for a hearing on the merits of Dolinger's complaint. If, however, the Commission decides that Shaker has not presented sufficient proof, the Commission may enter a final order for Dolinger.
REVERSED and REMANDED.
PADOVANO, J., concurs.
BENTON, J., concurs with opinion.
BENTON, Judge, concurring.
I concur in the court's holding that the "Commission abused its discretion in refusing to consider" (or to refer to the administrative law judge for consideration) the petition for remand "simply because it was not *1043 submitted in the proper form for exceptions to the recommended order." Ante at 1041. I would direct the Commission, if it concludes that the petition is facially sufficient, to remand the petition to the administrative law judge for consideration. Except with regard to the legal merits of possible defenses, the question whether to reopen or redo the formal administrative hearing does not depend on legal conclusions "over which [the Commission] has substantive jurisdiction." § 120.57(1)(j), Fla. Stat. (Supp.1996).
NOTES
[1] The Commission is authorized to consider motions pursuant to Florida Administrative Code Rule 60Y-4.017.
[2] If Shaker Lakes establishes excusable neglect, this case would be distinguishable from Department of Transportation v. J.W.C. Co., 396 So.2d 778 (Fla. 1st DCA 1981), and Henderson Signs v. Department of Transportation, 397 So.2d 769 (Fla. 1st DCA 1981), where this court found no abuse of discretion by the agency in refusing to remand to permit the hearing officer to receive evidence that could have been presented at the original hearing.