767 So.2d 1239 (2000)
Thomas WORSTER, D.D.S., Appellant,
v.
DEPARTMENT OF HEALTH, Appellee.
No. 1D99-3562.
District Court of Appeal of Florida, First District.
August 16, 2000.
E. Raymond Shope, II, Naples, for Appellant.
Kathryn L. Kasprzak, Chief Appellate Attorney and Simone Marstiller, Senior Attorney-Appeals, Agency for Health Care Administration, Tallahassee, for Appellee.
PER CURIAM.
Thomas Worster appeals a final order of the Department of Health, Board of Dentistry, finding that Dr. Worster failed to keep written dental records justifying his patients' course of treatment in violation of subsection (m) of section 466.028(1), Florida Statutes (1997), and failed to meet the minimum standards of performance in diagnosis and treatment in violation of subsection (x) of section 466.28(1), Florida Statutes (1992) and (1997). We find without merit appellant's arguments that the administrative law judge denied him due process and that no competent substantial evidence supported *1240 the findings that he failed to meet minimum standards of performance or failed to maintain adequate patient records justifying the course of treatment. With respect to Issue III, we agree with appellant that his discipline for violating the applicable standard of care by applying poorly fitted crowns which caused the patient to suffer periodontal disease constituted discipline on a charge that was not included in the administrative complaint. Nevertheless, appellant did not file exceptions to the recommended order of the administrative law judge which had expressly found that the poorly fitted crowns constituted a violation of the applicable standard of care. In an appeal from an administrative proceeding, a party cannot argue on appeal matters which were not properly excepted to or challenged before the agency. See Commission on Ethics v. Barker, 677 So.2d 254, 256 (Fla.1996); Gray v. Russell Corp., 681 So.2d 310, 318 (Fla. 1st DCA 1996); Couch v. Commission on Ethics, 617 So.2d 1119, 1124 (Fla. 5th DCA 1993). Thus, appellant's argument on Issue III has not been preserved for appellate review. Id.
Accordingly, we AFFIRM as to all issues.
BOOTH, MINER AND VAN NORTWICK, JJ., CONCUR.