881 So.2d 682 (2004)
Ronald MALAVE, Appellant,
v.
DEPARTMENT OF HEALTH, BOARD OF MEDICINE, Appellee.
No. 5D02-3705.
District Court of Appeal of Florida, Fifth District.
August 27, 2004.
*683 Ronald Malave, Coto Laurel, Puerto Rico, Pro Se.
Pamela H. Page, Department of Health, Tallahassee, for Appellee.
ORFINGER, J.
Ronald Malave, a medical doctor, appeals a final order of the Board of Medicine (Board) revoking his license to practice. Dr. Malave, a psychiatrist, treated J.P. for about five years for multiple personality disorder and schizophrenia. After J.P. complained that Dr. Malave had engaged in sexual activity with her, the Department of Health (Department) suspended his license to practice medicine on an emergency basis. Subsequently, the Department filed an administrative complaint seeking to revoke his license, alleging that Dr. Malave had violated (1) section 458.331(1)(j), Florida Statutes (2002), by exercising influence in a patient-physician relationship for purposes of engaging a patient, J.P., in sexual activity; (2) section 458.331(1)(x) by violating the provisions of chapter 458, Florida Statutes (2002), which prohibit sexual misconduct; and (3) section 458.331(1)(t), Florida Statutes (2002), by failing to practice medicine with that level of care, skill, and treatment recognized by a reasonably prudent similar physician as being acceptable under similar conditions and circumstances.
About the same time the administrative complaint was filed, the State instituted criminal proceedings against Dr. Malave arising from his treatment of J.P. On appeal, Dr. Malave contends that the administrative law judge (ALJ) abused her discretion when she refused his third request for a continuance of the final administrative hearing pending resolution of the criminal case, and further abused her discretion when, following the conclusion of the criminal case, she allowed Dr. Malave to reopen the administrative proceeding solely for the purpose of presenting his testimony, but refused to allow him to present evidence in support of his defense. Concluding that the ALJ did not abuse her discretion, we affirm.
Our review of the Board's order, accepting and adopting the ALJ's findings of fact and conclusions of law, is governed by section 120.68, Florida Statutes (2002). See Legal Envtl. Assistance Found. v. Clark, 668 So.2d 982 (Fla.1996). A reviewing court may set aside agency action only when it finds that the action is dependent on findings of fact that are not supported by substantial competent evidence in the record, material errors in procedure, incorrect interpretations of law, or an abuse of discretion. § 120.68(7), Fla. Stat. (2002). When factual findings are reviewed, the court must not substitute its judgment for that of the agency in assessing the weight of the evidence or resolving disputed issues *684 of fact. See § 120.68(10), Fla. Stat. (2002).
Dr. Malave sought his third continuance of the administrative hearing because of his reluctance to testify while the criminal matter was pending due to his Fifth Amendment privilege. The ALJ denied Dr. Malave's third request for a continuance, and the administrative hearing took place with Dr. Malave and his attorney present. Dr. Malave chose not to testify or call witnesses at the hearing.
The decision to grant or deny a continuance in an administrative proceeding is a matter in the sound discretion of the administrative law judge. See City of Palm Bay v. State, Dep't of Transp., 588 So.2d 624, 628 (Fla. 1st DCA 1991). There is no absolute right to a continuance of an administrative proceeding pending the outcome of parallel criminal proceedings. See, e.g., United States v. Kordel, 397 U.S. 1, 11, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970). Indeed, many courts have determined that it does not offend due process to give the parties subject to disciplinary hearings the choice between giving testimony at a disciplinary proceeding or remaining silent, when there is a strong public interest in disciplining the licensed professional or public employee. See, e. g., Arthurs v. Stern, 560 F.2d 477 (1st Cir.1977); Giampa v. Ill. Civil Serv. Comm'n, 89 Ill.App.3d 606, 44 Ill.Dec. 744, 411 N.E.2d 1110 (1980). Conversely, other courts utilize a balancing test in which they weigh the petitioner's interest in expeditious resolution of the administrative disciplinary action against the burden imposed on the respondent by being forced to answer to those claims before the criminal proceedings are complete. See, e.g., Advanced Power Sys. v. Hi-Tech Sys., Inc., 148 F.R.D. 138, 139 (E.D.Pa.1993); United States v. One Parcel of Real Estate Located at 12525 Palm Road, 731 F.Supp. 1057 (S.D.Fla.1990).
Here, Dr. Malave forcefully argues that the ALJ abused her discretion when she denied his requested continuance, particularly when he posed no threat to the public given the emergency suspension of his medical license. While reasonable judges could certainly disagree about the propriety of the ALJ's decision to deny Dr. Malave's continuance, we cannot say that no reasonable judge would have taken the position adopted by the ALJ. That being the case, it cannot be said that the ALJ abused her discretion. Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980).
Similarly, we cannot say that the ALJ abused her discretion when, after the administrative hearing had concluded and the criminal trial resulted in Dr. Malave's acquittal, the ALJ allowed Dr. Malave to reopen the administrative proceeding for the limited purpose of putting on his testimony since, following his acquittal on the criminal charges, he no longer had any Fifth Amendment concerns. Dr. Malave also sought to put on other witnesses and present other evidence at the reconvened hearing. However, the ALJ ruled that because those witnesses could have been put on at the original hearing without any Fifth Amendment concerns, Dr. Malave's failure to call witnesses or put on evidence waived his right to do so. That decision was within the discretion of the ALJ.
AFFIRMED.
PLEUS and PALMER, JJ., concur.