884 So.2d 393 (2004)
Chad Allen LAZZARI, Appellant,
v.
Emily LIN, Appellee.
No. 2D04-3473.
District Court of Appeal of Florida, Second District.
September 22, 2004.
*394 Chad Allen Lazzari, pro se.
Emily Lin, pro se.
PER CURIAM.
Chad Allen Lazzari (the Father) challenges a postdissolution order instructing him to assist Emily Lin (the Mother) in obtaining a replacement passport for their four-year-old daughter. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.110(a)(1). Because the Mother wishes to travel to China with the child in late September 2004, we have expedited this appeal.
The Father is a United States citizen. The Mother is a Chinese national who has been granted permanent residence status in the United States. The final judgment dissolving the parties' marriage provided that the Father would retain possession of the child's passport. In the final judgment the circuit court explained that
[t]his provision is not intended to prohibit the child's travel outside the United States of America, but only to ensure the [Father] has adequate notice of any such travel. The [Father's] request for a travel bond is denied. Neither party shall permanently remove the child from Pinellas County, Florida without Order of this Court or written permission of the other party.
The Father appealed from the final judgment of dissolution but later dismissed that appeal.
The present controversy arose when the Mother began planning a trip to China and asked the Father for the child's passport. When it was not forthcoming, she filed a motion to have the father held in contempt. After a hearing, the circuit court ordered the Father to provide the child's passport to the Mother. Again, the Father failed to give the child's passport to the Mother, and she filed what she styled as an "emergency motion for assistance in obtaining the minor child's passport."
After a hearing, the court entered the order that is the subject of this appeal. The court found that the Father had given the child's passport to his new brother-in-law, a police officer in Beijing, China. The passport was subsequently lost. As a result, the circuit court granted the Mother's motion and ordered the Father to assist the Mother in obtaining a replacement passport for the child in anticipation of a September 24, 2004, trip to China to visit the Mother's parents. The Father was also ordered to reimburse the Mother for any costs incurred in replacing the passport.
The Father's pro se briefs do not direct our attention to any error in the circuit court proceedings. Instead, he asks this court to permanently restrict the Mother from removing the child from the United States, instruct the Mother to immediately relinquish possession of the newly obtained passport to the Father, this court, or another third party, and direct the State Department to permanently deny passport services to the Mother. The Father did not seek this relief in the trial court before coming to this court. An appellate court's jurisdiction is limited. As stated in Florida Department of Corrections v. Bradley, 510 So.2d 1122, 1124 (Fla. 1st DCA 1987), the primary function of an appellate court is to "determine whether *395 the [lower tribunal] made any ruling or conducted the proceedings in a manner contrary to established principles of law to the prejudice of the appellant"[1] (quoting Carolina Lumber Co. v. Daniel, 97 So.2d 156, 158 (Fla. 1st DCA 1957)). In performing this function, we are constrained by the principle that the judgment of a lower tribunal is presumed to be correct and the burden is on the appellant or petitioner to demonstrate reversible error. See Applegate v. Barnett Bank, 377 So.2d 1150 (Fla.1979). Here, rather than asking this court to perform its appellate function, the Father has attempted to treat this court as an alternate forum in which to litigate this dispute. The relief he seeks is beyond the power of this court. Accordingly, we affirm the trial court.
Affirmed.
NORTHCUTT, CASANUEVA, and KELLY, JJ., concur.
NOTES
[1] For a thorough discussion of the functions of appellate courts, see Philip J. Padovano, Florida Appellate Practice (2004).