950 So.2d 497 (2007)
DEPARTMENT OF CHILDREN AND FAMILIES, Appellant,
v.
R.G., A Child, Appellee.
No. 5D06-1376.
District Court of Appeal of Florida, Fifth District.
March 2, 2007.
Charles D. Peters, Orlando, for Appellant.
Gerard F. Glynn, Orlando, Donald A. Meyers, Jr. of Bailey & Meyers, Maitland, and Heather Morcroft, Orlando, for Appellee.
PALMER, J.
The Department of Children and Families (DCF) appeals the trial court's order directing, among other things, that DCF disburse funds held in trust to appellee, R.G. We affirm.
R.G. was sheltered by DCF in 2000. In 2001, he was placed in a residential treatment facility by court order. R.G. remained in residential treatment facilities and in the legal custody of DCF until the end of 2005. While in sheltercare, R.G. received $597.00 per month from the Social *499 Security Administration and $30.00 of that amount was deposited into a Master Trust Account by DCF for R.G.'s benefit. Over time, R.G.'s trust account balance grew to an amount in excess of $1,000.00.
In March 2006, a hearing was held regarding the services which were to be provided to R.G. by DCF once R.G. turned 18 years old. During that hearing, both DCF and R.G's guardian ad litem (GAL) argued over a provision of the proposed order which provided that, upon R.G.'s eighteenth birthday, DCF could distribute the money in his Master Trust Account directly to R.G. DCF argued that it was required to send the money back to the Social Security Administration, and that the Social Security Administration would later disburse the funds to R.G. However, DCF cited no legal authority in support of its position. The GAL maintained that the funds should be dispensed directly to R.G. pursuant to section 402.17 of the Florida Statutes.[1]
At the conclusion of the hearing, the trial court ordered DCF to disburse the money directly to R.G. The trial court did state that DCF could file a motion for rehearing to provide the trial court with any federal authority to support its request to return the money to the Social Security Administration; however, DCF filed no motion for rehearing.
On appeal, DCF claims that the trial court erroneously relied on section 402.17(7)(a) of the Florida Statutes when it issued its order directing DCF to disburse the money in R.G.'s Master Trust Account directly to R.G. We disagree. Section 402.17(7)(a) of the Florida Statutes expressly directs DCF to disburse money held in trust for a client to the client when he/she attains the age of 18.
DCF claims that section 402.17(7)(a) of the Florida Statutes is preempted by federal supremacy. Under the Supremacy Clause, a federal law may expressly or impliedly preempt state law. State v. Harden, 938 So.2d 480 (Fla.2006). In support of that argument, DCF cites to two cases, Philpott v. Essex County Welfare Bd., 409 U.S. 413, 93 S.Ct. 590, 34 L.Ed.2d 608 (1973), and Bennett v. Arkansas, 485 U.S. 395, 108 S.Ct. 1204, 99 L.Ed.2d 455 (1988). Neither of these cases directly applies to the matter at issue in this case.
In Philpott, the Supreme Court held that the State of New Jersey's welfare agency was barred from recovering federal *500 disability benefits retroactively paid to a recipient in a lump sum when, as a condition of receiving state assistance, the recipient had executed an agreement to reimburse the welfare agency with the federal funds. Philpott, 409 U.S. at 415, 93 S.Ct. 590. The Court quoted to the relevant statute: Title 42 U.S.C. § 407 provides:
The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.
Id. at 415 n. 3, 93 S.Ct. 590. The Court held that, on its face, the Social Security Act barred the State of New Jersey from reaching the federal disability payments paid to the beneficiary. Id.
Similarly, in Bennett v. Arkansas, 485 U.S. 395, 108 S.Ct. 1204, 99 L.Ed.2d 455 (1988), the Supreme Court held that the State of Arkansas could not attach social security benefits paid to individuals who were incarcerated in Arkansas prisons in order to defray the cost of maintaining its prison system.
Here, DCF asserts a tortured interpretation of 42 U.S.C. § 407, claiming that the use of the phrase "other legal process" means that the trial court could not order DCF to directly pay R.G. his funds. However, nothing in section 407 forbids DCF from distributing the money held in trust to R.G. once he turns 18 years old. In contrast, section 402.17(7)(a) of the Florida Statutes specifically directs DCF to return the funds held in trust to R.G. once he turns 18.
DCF has provided the court with two sections of the Code of Federal Regulations as supplemental authority in this case, although neither of these authorities were presented to, or argued before, the trial court. Section 404.2060 of the Social Security Act provides:
§ 404.2060 Transfer of accumulated benefit payments.
A representative payee who has conserved or invested benefit payments shall transfer these funds, and the interest earned from the invested funds, to either a successor payee or to us, as we will specify. If the funds and the earned interest are returned to us, we will recertify them to a successor representative payee or to the beneficiary.
20 C.F.R. § 404.2060 (2006).
Section 416.660 of the Act further provides:
§ 416.660 Transfer of accumulated benefit payments.
A representative payee who has conserved or invested benefit payments shall transfer these funds, and the interest earned from the invested funds, to either a successor payee or to us, as we will specify. If the funds and the earned interest are returned to us, we will recertify them to a successor representative payee or to the beneficiary.
20 C.F.R. § 416.660 (2006). Neither of these sections is sufficient authority to overturn the trial court's order in this case. Both sections state that the funds will be transferred to "either a successor payee or to us, as we will specify." Yet, there is no indication from DCF how these sections pertain to its standard policy of returning a beneficiary's money to the Social Security Administration for subsequent disbursement to the beneficiary. As such, DCF has failed to demonstrate that the trial court committed reversible error by ordering that DCF disburse the money held in trust for R.G. directly to R.G. See Lazzari v. Lin, 884 So.2d 393 (Fla. 2d DCA 2004) (holding the judgment of a *501 lower tribunal is presumed to be correct and the burden is on the appellant or petitioner to demonstrate reversible error).
AFFIRMED.
THOMPSON and MONACO, JJ., concur.
NOTES
[1] Section 402.17(7)(a) of the Florida Statutes (2005) provides, in relevant part:

402.17. Claims for care and maintenance; trust property
The Department of Children and Family Services and the Agency for Persons with Disabilities shall protect the financial interest of the state with respect to claims that the state may have for the care and maintenance of clients of the department or agency. The department or agency shall, as trustee, hold in trust and administer money and property designated for the personal benefit of clients. The department or agency shall act as trustee of clients' money and property entrusted to it in accordance with the usual fiduciary standards applicable generally to trustees, and shall act to protect both the short-term and long-term interests of the clients for whose benefit it is holding such money and property.
* * *
(7) Disposition of money and property of clients upon attaining age 18 or discharge from care, custody, control, or services of the department.
(a) Whenever a client of the department for whom the department is holding money or property as a trustee attains the age of 18, and thereby will no longer be in the legal custody of the department, the department shall promptly disburse such money and property to that client, or as that client directs, as soon as practicable.
§ 402.17(7)(a), Fla. Stat. (2005)(emphasis added).