954 So.2d 77 (2007)
Beatrice A. HENDERSON, Appellant,
v.
DEPARTMENT OF HEALTH, BOARD OF NURSING, Appellee.
No. 5D06-977.
District Court of Appeal of Florida, Fifth District.
April 13, 2007.
*79 Beatrice A. Henderson, Ormond Beach, Pro Se.
Philip Monte, Assistant General Counsel, Department of Health, Tallahassee, for Appellee.
ORFINGER, J.
Beatrice A. Henderson, a licensed practical nurse (LPN), appeals a final order of the Department of Health, Board of Nursing ("Board"), sanctioning her for unprofessional conduct in violation of section 464.018(1)(h), Florida Statutes (2001), and Florida Administrative Code Rules 64B9-8.005(2) and 64B9-8.005(15). On appeal, Ms. Henderson contends that she was denied due process; disputes the Administrative Law Judge's ("ALJ") findings that she engaged in unprofessional conduct by (1) administering medications or treatments in a negligent manner and (2) practicing beyond the scope of her license, educational preparation or nursing experience; and submits that her punishment was "cruel and unusual." We affirm.
The Board filed an administrative complaint against Ms. Henderson, alleging that she had engaged in unprofessional conduct in violation of section 464.018(1)(h). The complaint asserted that Ms. Henderson administered medications or treatments in a negligent manner when she gave two ten-milligram doses of morphine to a patient when only six to eight milligrams had been prescribed by the patient's physician. The complaint further alleged that Ms. Henderson administered the doses of morphine without the supervision of a registered nurse or physician, thus, practicing beyond the scope of her license, educational preparation, or nursing experience.
Ms. Henderson denied the allegations and requested a formal hearing before the Division of Administrative Hearings ("DOAH"). After the formal hearing, the ALJ issued a Recommended Order, concluding that there was clear and convincing evidence that Ms. Henderson had engaged in unprofessional conduct by (1) administering medications or treatments in a negligent manner and by (2) practicing beyond the scope of her license, educational preparation or nursing experience. The ALJ recommended that Ms. Henderson be placed on probation for a period of two years, and that she be required to pay a fine in the amount of $350. After the Board adopted the findings of fact, conclusions of law, and the penalty recommended by the ALJ, this appeal followed.
Ms. Henderson argues that she was deprived due process because of the delay between initiation of the proceedings and a formal hearing. Specifically, Ms. Henderson argues that "[w]hat has happened to [her] is a travesty of justice, it is an abuse of power, it is NO Due Process. It is a stonewalling and cover-up." She further alleges that:
There has been no due process, in a timely manner; I have suffered from the false accusations, loss of my career as a *80 hospital Medical Surgical Nurse, benefits, time lost over five years, fear and anxiety, loss of confidence and skills, emotional and financial punishment and being humiliated, and spoken of in such harsh terms as Ms. Strade did at the Hearing. A person should not have to endure this.
In a non-criminal case, the respondent must show that she was prejudiced by the delay to demonstrate a due process violation. See Gordon v. Savage, 383 So.2d 646, 649 (Fla. 5th DCA 1980). That was not done here. While the delay in reaching a final resolution is regrettable, Ms. Henderson has not demonstrated any prejudice.
As to her due process claim, the Florida Supreme Court set forth the applicable standards in Keys Citizens for Responsible Government, Inc. v. Florida Keys Aqueduct Authority, 795 So.2d 940, 948 (Fla. 2001):
The basic due process guarantee of the Florida Constitution provides that "[n]o person shall be deprived of life, liberty or property without due process of law." Art. I, § 9, Fla. Const. The Fifth Amendment to the United States Constitution guarantees the same. As this Court explained in Department of Law Enforcement v. Real Property, 588 So.2d 957, 960 (Fla.1991), "[p]rocedural due process serves as a vehicle to ensure fair treatment through the proper administration of justice where substantive rights are at issue." Procedural due process requires both fair notice and a real opportunity to be heard. See id. As the United States Supreme Court explained, the notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950) (citations omitted). Further the opportunity to be heard must be "at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); accord Fuentes v. Shevin, 407 U.S. 67, 80, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972) (stating that procedural due process under the Fourteenth Amendment of the United States Constitution guarantees notice and an opportunity to be heard at a meaningful time and in a meaningful manner).
The specific parameters of the notice and the opportunity to be heard required by procedural due process are not evaluated by fixed rules of law, but rather by the requirements of the particular proceeding. See Gilbert v. Homar, 520 U.S. 924, 117 S.Ct. 1807, 138 L.Ed.2d 120 (1997); see also Mullane, 339 U.S. at 313, 70 S.Ct. 652, 94 L.Ed. 865 (stating that notice and opportunity for hearing need only be appropriate to the nature of the case). As the Supreme Court has explained, due process, "unlike some legal rules, is not a technical concept with a fixed content unrelated to time, place and circumstances." Cafeteria & Restaurant Workers Union, Local 473, AFL-CIO v. McElroy, 367 U.S. 886, 895, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961). Instead, "due process is flexible and calls for such procedural protections as the particular situation demands." Morrissey v. Brewer, 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).
Here, the Board followed the procedures set forth in Keys Citizens and *81 sections 456.073 and 120.569, Florida Statutes, which govern administrative proceedings. Ms. Henderson received notice of the allegations against her. After Ms. Henderson denied the charges, she asked for and received a formal hearing, wherein she was given a meaningful opportunity to respond to the charges. We conclude that Ms. Henderson received all due process protections to which she was entitled.
Ms. Henderson next assails the ALJ's factual findings. In her Initial Brief, Ms. Henderson's "facts" significantly differ from the ALJ's findings. Thus, it appears that she is challenging the ALJ's findings of fact, which were incorporated into the Board's final order.
All parties to a formal hearing before the DOAH have the right to file exceptions to an ALJ's recommended order within fifteen days of its issuance. See § 120.57(1)(b), (k), Fla. Stat. (2005). A party cannot raise issues on appeal that were not properly excepted to or challenged before an administrative body. See Comm'n on Ethics v. Barker, 677 So.2d 254, 256 (Fla.1996); Couch v. Comm'n on Ethics, 617 So.2d 1119, 1124 (Fla. 5th DCA 1993) (holding that appellant had waived his right to challenge recommended order's findings of fact because he did not file exceptions to hearing officer's findings of fact). Because Ms. Henderson failed to challenge the factual findings before the Board, she cannot do so now for the first time on appeal.[1]See, e.g., Kantor v. Sch. Bd. of Monroe County, 648 So.2d 1266 (Fla. 3d DCA 1995) (holding that terminated school employee could not argue on appeal matters that were not properly excepted to or challenged before school board, and, thus, were not preserved for appellate review).[2]
Even if considered on the merits, Ms. Henderson's challenge to the ALJ's findings of fact would fail, as the findings are supported by competent, substantial evidence. "[A] reviewing court may set aside agency action only when it finds that the action is dependent on findings of fact that are not supported by substantial competent evidence in the record, material errors in procedure, incorrect interpretations of law, or an abuse of discretion." Malave v. Dep't of Health, Bd. of Med., 881 So.2d 682, 683 (Fla. 5th DCA 2004); see § 120.68(7), Fla. Stat. (2005). When factual findings are reviewed, the court must not substitute its judgment for that of the agency in assessing the weight of the evidence or resolving disputed issues of fact. See § 120.68(10), Fla. Stat. (2005).
Finally, Ms. Henderson submits that her punishment was "cruel and unusual." In Criminal Justice Standards & Training Commission v. Bradley, 596 So.2d 661, 663 (Fla.1992), the court recognized that a primary function of professional disciplinary boards is to determine the appropriate punishment for misconduct of the professionals regulated. In the *82 instant case, it was determined that Ms. Henderson engaged in two instances of unprofessional conduct in violation of section 464.018(1)(h) and Florida Administrative Code Rules 64B9-8.005(2) and 64B9-8.005(15). As punishment, the Board imposed a fine of $350 and placed Ms. Henderson on probation for two years. Ms. Henderson claims that this punishment was "cruel and unusual." This argument lacks merit as the two-year probationary period and $350 fine is well within the range of penalties provided by the Board's disciplinary guidelines for violating section 464.018(1)(h). See Fla. Admin. Code R. 64B9-8.006(3)(p) (providing that first-offense penalty for unprofessional conduct, in violation of section 464.018(1)(h) ranges from a $250 fine to a $500 fine and probation).
Having carefully reviewed the record and finding no reversible error, we affirm the Board's order.
AFFIRMED.
THOMPSON and TORPY, JJ., concur.
NOTES
[1] In addition, Ms. Henderson argues that she "[has] been told that [she] was a victim of reverse discrimination." Ms. Henderson did not raise any claim of reverse discrimination below. As a result, this claim cannot be raised on appeal. See Worster v. Dep't of Health, 767 So.2d 1239, 1240 (Fla. 1st DCA 2000) (reiterating that in appeal from administrative proceeding, party cannot argue on appeal matters that were not properly excepted to or challenged before agency).
[2] Matters not excepted to or raised properly before a licensing board may still be raised where an appellant can show excusable neglect or fundamental error. See, e.g., Shaker Lakes Apartments Co. v. Dolinger, 714 So.2d 1040 (Fla. 1st DCA 1998) (excusable neglect); Fla. Dep't of Corrs. v. Bradley, 510 So.2d 1122 (Fla. 1st DCA 1987) (fundamental error). Ms. Henderson does not raise either issue in the instant appeal.