PER CURIAM.
Dr. Castellón appeals a final disciplinary order entered by the Florida Department of Health, Board of Medicine, imposing penalties for a violation of section 456.072(l)(cc), Florida Statutes (2012).[1] We affirm in part and reverse in part.
The Department of Health has conceded that there was no basis for the imposition of $5,000.00 in costs in the final order.[2] It has provided record support for the apparent scrivener’s error. The Board of Medicine discussed and ultimately recommended an administrative fine of $5,000.00, as authorized by section 456.072(2)(d), rather than a costs award in that amount. We thus reverse the erroneous paragraph of the final order and remand the case to the Department for the issuance of a corrected final order.
We affirm the final order in all other respects for two reasons. First, Dr. Castellón elected an informal hearing under section 120.57(2), Florida Statutes (2012), only available because of his stipu *749 lation that there were no disputed issues of material fact. The allegations of fact in the Department’s administrative complaint alleged that: a sponge had been left in the patient at the conclusion of an operative procedure performed by Dr. Castellón; the sponge was readily palpable; and a subsequent operative procedure was necessary to remove the sponge. These facts established a prima facie case for a consideration of discipline under section 456.072(l)(ce).
Dr. Castellón presented evidence that addressed mitigation rather than those critical facts. He established, and medical records substantiated, that three assistants (one of them a surgeon licensed in Nicaragua, but not yet licensed in Florida) had confirmed through four sponge counts that all sponges had been removed before Dr. Castellón began to close the incision. A second procedure removed the sponge and the patient fully recovered. Dr. Castellón had a forty-year record devoid of disciplinary action. He performed the surgery without charge for a patient unable to pay. All these submissions were addressed to mitigation rather than the critical facts relating to the sponge left in the patient.
The statute is not a strict liability statute; findings as to an enumerated act and as to penalties are expressly permissive rather than mandatory. Abram v. Dep’t. of Health, Bd. of Medicine, 13 So.3d 85 (Fla. 4th DCA 2009). But this brings us to the second reason for affirming the Board regarding its findings that an enumerated act occurred and that discipline should be imposed. The ten-doctor Board which heard the informal appeal thoroughly discussed the mitigating factors, the availability of detection devices that might have prevented the incident, and the possibility that Dr. Castellón relied on the three assistants and four sponge counts as he completed the operation. Two members of the Board voiced substantial concern at the prospect of punishing the surgeon for relying on counts performed by other professionals.
After that discussion, however, all ten members voted to enter the findings in the Department’s final order regarding the enumerated act and the discipline to be imposed. Other than the scrivener’s error detailed above, we find no misinterpretation of law, no procedural error, and no abuse of discretion. The Board of Medicine’s findings are supported by substantial, competent evidence. See Malave v. Dep’t. of Health, Bd. of Med., 881 So.2d 682 (Fla. 5th DCA 2004); § 120.68(7), Fla. Stat. (2012).
The Board of Medicine’s final order is thus reversed with respect to the scrivener’s error pertaining to the fine; affirmed with respect to all other findings and conclusions; and remanded for the correction of the conceded scrivener’s error and issuance of an amended final order.

. The statute provides that the Board "may” impose discipline for enumerated acts; in this case, the alleged act was leaving a sponge in a patient following a surgical procedure.

. A later paragraph of the final order correctly assessed costs of $1,200.36 against the appellant.