FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D17-4433
_____

LOREN D. KING, II,

Appellant,

v.

DEPARTMENT OF HEALTH,

Appellee.

_____

On appeal from the Board of Nursing.
Joe R. Baker, Jr., Executive Director.


May 6, 2019


OPINION ON MOTION FOR WRITTEN OPINION

B.L. THOMAS, C.J.

We have before us Appellant's motion for written opinion. We grant Appellant's motion and, accordingly, withdraw our former opinion of March 1, 2019, and substitute this opinion in its place.

Appellant, a registered nurse, challenges the Board of Nursing's (the "Board") final order suspending his nursing license.

On April 17, 2017, the Department of Health (the "Department") filed an administrative complaint alleging that Appellant tested positive for marijuana on a confirmed pre-employment drug screen, that Appellant did not provide a lawful

prescription for marijuana, and that Appellant did not have a legitimate medical reason for using marijuana.

Appellant opted for an informal hearing on the administrative complaint conducted pursuant to section 120.57(2), Florida Statutes, stating that he did not dispute the allegations of material fact in the complaint.

At the hearing before the Board, Appellant stated that "I got a marijuana card coming," and counsel for the Department noted that in October 2015, the time of Appellant's drug screen, medical marijuana was not available in Florida, and did not become available until August 2016. At the hearing, Appellant stated, "It's my fault. I did something illegal and I'm sorry for it."

On September 21, 2017, the Board issued a final order adopting the findings of fact set forth in the administrative complaint and suspending Appellant's nursing license until he undergoes evaluation coordinated by the Intervention Project for Nurses ("IPN") and complies with any terms and conditions imposed by IPN.

"[A] reviewing court may set aside agency action only when it finds that the action is dependent on findings of fact that are not supported by substantial competent evidence in the record, material errors in procedure, incorrect interpretations of law, or an abuse of discretion." *Henderson v. Dep't of Health, Bd. of Nursing*, 954 So. 2d 77, 81 (Fla. 5th DCA 2007) (quoting *Malave v. Dep't of Health, Bd. of Med.*, 881 So.2d 682, 683 (Fla. 5th DCA 2004)).

Section 456.072(1)(aa), Florida Statutes, provides that "[t]esting positive for any drug . . . on any confirmed preemployment or employer-ordered drug screening when the practitioner does not have a lawful prescription and legitimate medical reason for using the drug" is grounds for discipline for a healthcare professional.

Section 456.072(2), Florida Statutes, states that, if a board finds that a person has violated subsection (1), it may enter an order suspending the person's license or restricting the license as "necessary for the protection of the public health, safety, and welfare."

2

Appellant did not dispute the facts alleged in the Department's administrative complaint, including the allegations that he "tested positive for marijuana on a confirmed pre-employment drug screen," that he "did not provide a lawful prescription for marijuana" and "did not have a legitimate medical reason for using marijuana." At the hearing, and in his initial brief, Appellant did not contest that marijuana was in his system during the drug screen. Appellant stated at the hearing that he would have a "marijuana card" at some point in the future, but never disputed the Department's allegation that he did not have a lawful prescription for marijuana or a legitimate medical reason for using marijuana at the time of the drug screen.

Competent, substantial evidence, in the form of the undisputed allegations in the Department's administrative complaint, support the finding that Appellant violated section 456.072(1)(aa), Florida Statutes. Section 456.072(2) allows the suspension imposed on Appellant if a board finds that Appellant violated section 456.072(1)(aa), Florida Statutes. The Board correctly interpreted section 456.072 and did not abuse its discretion in suspending Appellant's license until he is evaluated by IPN.

AFFIRMED.

KELSEY and WINOKUR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Loren D. King, II, pro se, Appellant.

Christine E. Lamia, Chief Appellate Counsel, Katelyn R. Boswell, Assistant General Counsel, Florida Department of Health, Tallahassee, for Appellee.

3