# Third District Court of Appeal

## State of Florida

Opinion filed July 3, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1600
Lower Tribunal No. 21F-00288
_____

**S.F.,**
Appellant,

vs.

**Agency for Persons with Disabilities,**
Appellee.

An Appeal from the State of Florida, Department of Children and Families, Office of Appeal Hearings.

Children & Youth Law Clinic and Robert Latham, for appellant.

Erin W. Duncan, Senior Attorney (Tallahassee), for appellee.

Before EMAS, LINDSEY and GORDO, JJ.

GORDO, J.

S.F. appeals from a final order of the Florida Department of Children and Families' Office of Appeal Hearings, affirming a decision by the Agency for Persons with Disabilities (the "Agency") to deny her application for enrollment in the Individual Budgeting Home and Community-Based Services Medicaid Waiver Program. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(C). We affirm.

"We review an agency's conclusions of law de novo and we review the record to determine whether competent substantial evidence supports the agency's decision." G.R. v. Agency for Perss. with Disabilities, 315 So. 3d 107, 108 (Fla. 3d DCA 2020). "In doing so, 'we give no deference to agency interpretations of statutes or rules.'" Id. (quoting A.C. v. Agency for Health Care Admin., 322 So. 3d 1182, 1187 (Fla. 3d DCA 2019)).

On appeal, S.F. challenges[1] the hearing officer's determination that she did not meet the requisite definition of an individual with an intellectual disability. We find there is competent substantial evidence to support the hearing officer's findings and thus, we are compelled to affirm. See Heifetz v. Dep't of Bus. Regul., Div. of Alcoholic Beverages & Tobacco, 475 So. 2d 1277, 1281 (Fla. 1st DCA 1985) ("It is the hearing officer's function to consider all the evidence presented, resolve conflicts, judge credibility of

---

[1] We affirm the other issues raised by S.F. without further discussion.

witnesses, draw permissible inferences from the evidence, and reach ultimate findings of fact based on competent, substantial evidence."); M.M. v. Agency for Health Care Admin., 337 So. 3d 449, 449 (Fla. 3d DCA 2022) ("We are not free to substitute our judgment for that of a hearing officer, nor may we reweigh the evidence presented at the administrative hearing. Our review is limited to whether the hearing officer's findings are supported by competent, substantial evidence."); J.J. v. Agency for Perss. with Disabilities, 174 So. 3d 372, 372 (Fla. 3d DCA 2014) ("We are prohibited by statute from substituting our own judgment regarding the disputed facts when the administrative findings are based on competent, substantial evidence."); O.H. v. Agency for Perss. with Disabilities, 332 So. 3d 27, 33 (Fla. 3d DCA 2021) ("It does not matter that there may be competent substantial evidence to support alternative findings of fact, only whether the hearing officer's findings of fact are supported by competent and substantial evidence."); Malave v. Dep't of Health, Bd. of Med., 881 So. 2d 682, 683-84 (Fla. 5th DCA 2004) ("When factual findings are reviewed, the court must not substitute its judgment for that of the agency in assessing the weight of the evidence or resolving disputed issues of fact."); G.R., 315 So. 3d at 110 ("[T]he hearing officer properly weighed the evidence presented, made credibility determinations as necessary, and made findings supported by competent

3

substantial evidence.  We find no error in these determinations or in the final order on appeal.").

S.F. also challenges the finding in the final order that she submitted an evidence packet consisting of one exhibit, where she argues she submitted several exhibits.  S.F. failed to properly preserve this issue for appeal.  "In an appeal from an administrative proceeding, a party cannot argue on appeal matters which were not properly excepted to or challenged before the agency."  Worster v. Dep't of Health, 767 So. 2d 1239, 1240 (Fla. 1st DCA 2000).  Here, there was no request to introduce any additional exhibits, and there was no objection made to the hearing officer's failure to admit the subject exhibits.  Because S.F. cannot argue on appeal matters which were not excepted to or challenged below, this issue has not been preserved for appellate review.

Affirmed.